### Texas & Pacific Railway Company v. I. A. Stoker.

No. 1861. Decided November 4, 1908.

**1.—Constitutional Law—Statute—Subject—Stenographer's Act.**

The Act of May 25, 1907 (Laws 30th Leg. p. 509) is not unconstitutional as embracing more than one subject (Const. art. 35, sec. 3). Its subject is the preservation by the proper person of the evidence taken in trials and of questions arising out of it, and the statement thereof in authentic form for the information of the appellate courts upon appeal; and the other provisions of the act are merely incidental thereto. (P. 61.)

**2.—Statement of Facts.**

Comparing the Act of May 25, 1907, (Laws, 30th Leg. p. 509) with the Act of May 25, 1907 (Laws, 30th Leg. p. 446) regulating the preservation of statements of facts not prepared by stenographers, it is held that the original statement, under whichever Act prepared, is to go up with the record, and not to be copied in the transcript. But if the statement prepared by counsel and not by a stenographer is presented to the appellate court by copy in the transcript duly authenticated, and not by sending up the original, and is not objected to, it may be considered by the court. That the law does not authorize the clerk to authenticate a copy of the statement is an objection that can be waived; and that of the additional costs incurred by a copy may be met by taxing same against the appellant. (Pp. 61, 62.)

Question certified from the Court of Civil Appeals, Second District, in an appeal from Eastland County.

*H. C. Shropshire,* for appellant.

*Stubblefield & Patterson* and *J. S. Sheppard,* for appellee.—A law can not be held to embrace more than one subject when the several provisions of the statute are germane to each other, and the law will be so construed as to support the validity of the same if possible. McMeans, Tax Collector v. Finley, 88 Texas, 515; Clark v. Finley, 93 Texas, 171; International & G. N. R. R. Co. v. Smith County, 54 Texas, 1; Carter County v. Sinton, 120 U. S., 517; 26 American & Eng. Enc. of Law (2d ed.), 572-577; Axtelle's Annotated Constitution of Texas, 78.

The Act of the Thirtieth Legislature, approved May 25, 1907 (General Laws of Texas, page 509), requires that a statement of facts be made in duplicate; that the copy be filed with the clerk of the trial court and that the original be filed with the appellate court; and a statement of facts not in compliance with these requirements will not be considered upon appeal. Garrison v. Richards, 107 S. W., 862.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified questions from the Court of Civil Appeals of the Second District as follows:

"The above entitled and numbered cause is pending before us on appeal from a judgment against appellant and in appellee's favor for twelve hundred and fifty dollars as damages for personal injuries alleged to have been caused by the negligence of the operatives of one of appellant's passenger trains in failing to give warning of its approach toward a public road crossing near the town of Eastland, over which appellee was driving, as more particularly shown in our opinion on a former appeal. See Texas & Pac. Ry. Co. v. Stoker, 103 S. W., 1183.

"On the present appeal no original statement of facts has been filed in this court, as provided in the Act of the Thirtieth Legislature approved May 25, 1907, relating to the subject, and the assignments of error are such as can not be considered in the absence of a statement of facts. We have, however, a copy of what purports to be a statement of facts incorporated in the transcript. The judgment from which this appeal is prosecuted was rendered on August 7, 1907, the term of the court adjourned August 24, 1907, and the statement of facts as shown by the incorporated copy was thereafter filed within the time allowed by the twenty-day order therefor. We have a number of cases before us in like condition as to statements of fact, and in view of the decision of the Court of Civil Appeals of the Sixth Supreme Judicial District in the case of Garrison v. Richards, 107 S. W., 862, holding that under the Act of the Legislature referred to statements of fact so incorporated in the transcript can not be considered, we deem it advisable to certify to Your Honorable Court for decision:

"First. Whether or not the title of the Act of the Thirtieth Legislature of Texas approved May 25, 1907, providing for the appointment of stenographers, etc. (General Laws 1907, page 509), contains more than one subject, in contravention of section 35, article 3, of the Constitution?

"Second. If not, then are we authorized under said act to consider the statement of facts incorporated in the transcript in this case?"

I. The first question is answered in the negative.

The different provisions of the statute, as stated in the title, may all be considered properly as the regulation of one subject, which is the subject of the bill, viz.: the preservation by the proper persons of the evidence taken in trials and of questions arising out of it, and the statement thereof in authentic form for the information of the appellate courts upon appeal. The provisions for the appointment and compensation of stenographers are incidental to and in aid of this general purpose and we see no good reason why all of the provisions could not properly be included in one bill.

II. Two questions are involved in the second one stated in the certificate. (a) Do the provisions of the act referred to, which forbid the copying of statements of facts into records and require the sending up of the originals, apply to all statements of facts; (b)

If so, may the Court of Civil Appeals, nevertheless, consider that before it?

The Act of May 25, 1907 (Laws 30th Leg., p. 509-513), after providing several methods in which statements of facts may be preserved, adds that "no statement of facts shall be incorporated in the transcript on appeal, but the original shall be sent up therewith." Considering the comprehensive treatment of the subject throughout the law, this language could leave no doubt upon the first question but for the passage of another act, not only at the same session but upon the same day, which, however, was approved on the 14th day of May. (Laws 30th Leg., p. 446.) The law last referred to would appear, when considered by itself, to be intended to continue in force the rules under which statements of facts had always been prepared by the parties in cases where no stenographer's report had been prepared. (Middlehurst v. Collins-Gunther Co., 100 Texas, 349) and, being passed at the same time with the other, suggests that the other may have been intended to regulate only those cases in which stenographers were employed, leaving others subject to be regulated by different procedure. If the two acts could be made to operate together by such a construction consistent with the terms of both, it would be our duty to adopt that construction: but it is impossible to so restrict the Act approved May 25 without doing violence to its language. In unmistakable terms it provides for the making up of statements of facts in both of the methods previously recognized, and, as to both, provides that the original statement and not a copy shall accompany the transcript. There is no conflict between the two acts except as to the time in which the statement is to be filed and no question depending on that conflict is presented by the certificate.

The purpose of the Act of May 14 was to amend the previously existing statutes so as to allow the filing of the conclusions of the trial judge after the adjournment of court, and this probably explains its passage notwithstanding the adoption of the other statute containing full provisions for the making and filing of statements of facts. We must hold, therefore, that the original statement of facts and not a copy should have accompanied the record. It does not follow, necessarily, that the Court of Civil Appeals may not consider the copy. The appellee would have the right to object to the course pursued for but two reasons that we can see, which are (1) the additional cost of the transcript, (2) the lack of authenticity of the copy, the statement of facts being authenticated by the certificates required to be upon the original, and the clerk being no longer authorized to certify to a copy. These objections could certainly be waived by the appellee and the first, if urged, would be satisfied by adjudging the additional expense against the appellant.

The certificate does not give sufficient information to enable us to determine definitely whether or not the Court of Civil Appeals should consider the statement in the record