HALL & TYSON ET AL. V. FIRST NATIONAL BANK OF COVINGTON, KY.

Decided December 24, 1908.

**1.—Statement of Facts.**

A copy, instead of the original statement of facts, cannot be considered as a part of the record on appeal in the absence of an agreement of the parties.

**2.—Note—Corporation—Indorsement.**

An assignee may recover on a promissory note given to a corporation, though the indorsement transferring it is not under the corporate seal. Under our statute no written indorsement is necessary.

**3.—Charge—Statement of Facts.**

Alleged errors in the charge of the court cannot be considered in the absence of a statement of facts.

Appeal from the District Court of Coleman County. Tried below before Hon. Jno. W. Goodwin.

*Woodward & Baker,* for appellants.—Private corporations can not transfer nor sell notes unless such transfer or sale is under the seal of such corporation. Rev. Stats., art. 4862; Shropshire v. Behrens, 77 Texas, 275.

*E. M. Critz,* for appellee.—The sale, assignment, transfer or indorsement of promissory notes by a private corporation need not and should not be under the seal of the corporation. Fowler v. Bell, 35 S. W., 822; Daniel on Negotiable Insts., secs. 31, 32 (4th ed.); 7 Cyc., 614-616; 4 Am. & Eng. Ency. of Law, 123.

Notes belonging to any person or corporation can be transferred, sold or assigned without any indorsement whatever, so as to pass full title in such notes, so that the purchaser, transferree or assignee can maintain thereon in his own name suit against the maker of such notes. Rev. Stats., art. 307; Word v. Ellwood, 90 Texas, 130, 37 S. W., 965; Ft. Dearborn National Bank v. Berrott, 23 Texas Civ. App., 664.

HODGES, ASSOCIATE JUSTICE.—This is an action by the appellee against appellants to recover upon two promissory notes by the appellants to the James & Mayer Buggy Company, of Indiana, a private corporation, which the appellee claims were transferred to it by the buggy company before maturity. Upon the trial below the court, at the conclusion of the testimony, instructed a verdict in favor of the appellee.

The case comes before us without the original copy of the statement of facts, as is now required by law. There is in the transcript what purports to be a copy of a statement of facts, which can not be considered in the absence of an agreement by the parties or their attorneys. Texas & P. Ry. Co. v. Stoker, 102 Texas, 60; Garrison v. Richardson, 107 S. W., 862.

The first assignment of error complained of the action of the court in peremptorily instructing a verdict in favor of the appellee, and is based upon the fact that the endorsement of the notes did not bear the seal of the assignor, which was a private corporation. This assignment

we think should be overruled. Under our statute it is not even necessary that there be a written assignment endorsed upon negotiable paper to authorize the assignee to maintain an action in his own name. Word v. Elwood, 90 Texas, 130.

The second assignment of error involves the consideration of the testimony adduced upon the trial; and in the absence of a statement of facts we can not undertake to say that the court was not warranted by the evidence in giving the instruction he did. The judgment is accordingly affirmed.

*Affirmed.*

Writ of error refused.