MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V.
JAMES H. WAGGONER.

No. 1891.   Decided January 27, 1909.

**1.—Statement of Facts—Stenographer's Report.**

The stenographer's transcript of the testimony is required by the Act of April, 1905 (Laws 29th Leg. p. 220, sec. 4) to be filed in order that it may be considered as a statement of facts on appeal.   (P. 261.)

**2.—Same—Statute—Prospective Effect.**

The Act of May 25, 1907 (Laws, 30th Leg. p. 509) regulating the appointment and duty of stenographers applied only to appeals taken after it went into effect, and not to the reports and statements of facts in cases where the appeal was perfected before but the statement and record not made up till after the new law took effect.   These were governed by the prior law though the new law repealed it.   (Pp. 261–263.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Waggoner sued and recovered against the railway company, and defendant, the judgment being affirmed on its appeal, obtained writ of error.

*Coke, Miller & Coke* and *Smith & Wall,* for plaintiff in error.

The Court of Civil Appeals erred in entertaining the motion to strike out the statement of facts in this cause, because chap. 24, Acts of the First Called Session of the Legislature of 1907 does not apply to an appeal perfected before the act went into effect.   The law in force when the appeal is perfected governs as to the record.   Gordon v. Willson, 104 S. W., 1043; Houston & T. C. Ry. v. Burnett, 95 S. W., 741; Cheek v. Berry, 27 Ark., 314; Sedgwick Statute Law, 188-202; Alexander v. Warner, 58 S. W., 700; Terry v. Johnson, 49 S. W., 767; Catterlin v. Bush, 56 Pac., 706; Butler v. Miller, 3 How. Pr., 339; Gamberling v. Lazarus, 100 Mich., 324; Spaulding v. Kingsland, 1 Comstock, 426; Rice v. Floyd, 1 Comstock, 608; Roper v. Snyder, 35 Fla., 537; Ely v. Holton, 15 N. Y., 595; Krane v. Levy, 60 N. Y., 126; Pignaz v. Johnson, 4 Kans., 327; Donaldson v. Trust Co., 47 S. W., 763; Donaldson v. Trust Co., 56 S. W., 424; Frost v. Rowan, 56 S. W., 427.

The statement filed in this case, though prepared under the Act of 1905, is such a statement as will be considered in the disposition of the appeal.   It is agreed to by the parties and is approved by the trial judge.   Although, in the form of question and answer and not in narrative form, it will not be stricken out on that account.   Oriental v. Barclay, 76 Texas, 390; Railway v. Culberson, 68 Texas, 665.   It was not filed by the district clerk, but it was in his hands before the expiration of the term of court and contains his certificate.   Its authenticity is apparent.   McLane v. Russell, 29 Texas, 127; Folts v. Ferguson, 24 S. W., 657.   Under the circumstances it will be recognized as a statement of facts, though the penalty of costs might be imposed on appellant.

*Wolfe, Hare & Maxey,* for defendant in error.

Mr. Justice Williams delivered the opinion of the court.

The Court of Civil Appeals, on motion of defendant in error, struck out the statement of facts in this case for the reason that it did not conform to the Act of 1907 (Laws 30th Leg., p. 509), in that it was only a copy of the stenographer's report of the evidence made up and certified in accordance with the Act of 1905 (Laws 29th Leg., p. 220), and did not appear to have been filed by the district clerk. The appeal was perfected on May 25, 1907, and the Act of that year took effect August 11 thereafter. The stenographer's transcript was agreed to by the parties and approved by the trial judge August 19, and contains an undated certificate of the clerk as to the genuineness of the judge's signature, but no mark or other evidence to show that it was ever filed or deposited with the clerk. Both the statutes of 1905 and of 1907 require the filing of that which is to serve the purpose of a statement of facts, and it has always been necessary that this be done within times fixed by law. When the motion to strike out the statement in this case was made for want of this evidence it would have been competent for the appellant to meet it by showing that the statement was deposited with the clerk in time, but this was not done, the reply only contending that the Act of 1905 did not require that the paper be filed. And in the motion for rehearing nothing further was stated. We can not agree that the statute just referred to did not require the filing of the stenographer's transcript (Laws 29th Leg., p. 220, secs. 3 and 4), and upon this ground alone must affirm the action of the Court of Civil Appeals. As the court, however, put its ruling upon a construction of the Act of 1907, with which we do not agree, and as the question of practice may prove to be important in other cases, we will express our view upon it.

The construction of the Act of 1907 given by the Court of Civil Appeals is that it controlled the making of statements of facts in cases in which appeals had been taken, but in which no statements had been perfected, before it took effect. The case of Elliott v. Ferguson, 100 Texas, 418, does not go to that extent, the appeal in that case having been taken after the Act of 1905 became effective. We think the Act of 1907 admits, if it does not require, the contrary construction, that it regulates the making of statements of facts only in appeals taken after it went into operation. This seems to be the natural meaning of section 4 which provides: "In case an appeal is taken from a judgment rendered in any civil cause" the stenographer shall make up a statement of facts in narrative form, etc. The very nature of the provision implies that it relates to action in the future. The law of 1905 provided that the stenographer should make a transcript of the evidence, and gave to the appellant the right to use it for the purposes of appeal. Hence, the duty of the stenographer and of the party as defined by the Act of 1907 only came into existence when the act became operative and when an appeal was taken; and from this the conclusion is that the appeal referred to is one thereafter to be taken. When an appeal was taken before that time, the

law of 1905 operated upon it and imposed a different duty upon the stenographer and gave the parties the right to the use of the transcript of the evidence. The appellant, until the last act took effect, certainly had the right to proceed under the existing law and to demand of the stenographer a compliance with it and not a compliance with another statute not then in force. In some cases stenographers' transcripts may have been approved and deposited with clerks before the change in the law took place; while in others the change may have found them in any of the various stages of preparation. If the construction put upon the last statute by the Court of Civil Appeals be correct, it arrested all further efforts to complete the procedure so far followed in accordance with law and made a compliance with the new regulations essential to the validity of every statement of facts thereafter completed. It may easily be conceived that in many instances, probably in this, time did not remain for compliance with the new requirements.

The sweeping repeal of the Act of 1905, the only law authorizing the use of stenographers' transcripts, gives plausibility to the holding of the Court of Civil Appeals, but we think that view is met by the proposition that the last act was not intended to regulate the making up of records in causes in which appeals had already been perfected, as is indicated by the language before referred to. The only difficulty in reaching this conclusion is in the clause which repealed the Act of 1905 and left no statute in force authorizing the use of stenographers' transcripts as statements of facts. But the fact that the Legislature applied the new regulations only to future appeals and not to those already perfected implies that statements of facts, regarded as mere incidents of the appeals, should be governed by the rules existing when the appeals were perfected and be treated as if they had been made contemporaneously with the appeals themselves. We can discover nothing in the act which excludes this construction, and we think it should be adopted rather than one which might result in very serious consequences to parties exercising their right of appeal. The argument in its favor is all the more persuasive when it is considered that it will not likely result in hardship to any who may have followed the Act of 1907, since a statement of facts in compliance with that law would probably satisfy the requirements of previous ones.

The further proposition is urged by plaintiff in error that the statement of facts is in substantial compliance with the Act of 1907. It certainly does not follow that law, in that it contains a full report of the evidence, questions, answers, exceptions, etc., but it, at least, contains all the act requires. Statutes regulating such procedure are directory and rights are not always to be lost by the failure to follow them. The provision of the Act of 1907 intended to secure the condensation of statements of facts is an important one, and a disregard of it ought generally to be held to be a just reason for refusing to consider the statement, but such a consequence might operate too severely if applied in cases where the fault was due only to the confusion incident to recent changes in the law and to doubts as to which law applied.

. If the law of 1907 applied and there were no other objection but that the statement in question, while containing all that law requires, contains also much that an observance of it would exclude, we should be inclined to hold that, under the circumstances of this case, it ought to be considered, recognizing at the same time the propriety of disregarding statements so made up in the absence of such circumstances. Hargrave v. The State, 53 Texas Crim. Rep., 147. But the objection first pointed out is good under both statutes.

The Court of Civil Appeals were correct in holding that the assignments of error could not be considered without a statement of facts.

*Affirmed.*