### TYER v. TIMPSON HANDLE CO.

(Court of Civil Appeals of Texas. Jan. 6, 1911. On Motion for Rehearing, March 2, 1911.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITIONS AND STATEMENTS.

Assignments of error followed by propositions, but no statement from the record sufficient to support and explain them, as required by rule 31 (67 S. W. xvi), are not presented in such a way as to authorize the Supreme Court to consider them on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. NEW TRIAL (§ 144*)—MISCONDUCT OF COURT —AFFIDAVITS OF JURORS.

A claim of error, in that the judge went in the jury room without permission of plaintiff or his counsel while the jury were deliberating on their verdict, and instructed them on the case, is not supported by affidavits of jurymen that the court informed them as to the form of the verdict, without showing that he undertook to control the character of the verdict.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 298; Dec. Dig. § 144.*]

**On Motion for Rehearing.**

3. APPEAL AND ERROR (§ 601*)—STATEMENT OF FACTS — INCORPORATION INTO TRANSCRIPT— STATUTORY REQUIREMENTS.

Where a statement of facts was copied into the transcript, it is not such as is required to be sent up with the transcript of the record on appeal by Acts 31st Leg. c. 39, § 6, and Acts 30th Leg. c. 24, § 6, providing that the appellant shall cause to be prepared a statement of facts in duplicate consisting of the evidence used on the trial, and its original sent up as part of the record.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 2651-2653; Dec. Dig. § 601.*]

Appeal from Shelby County Court; W. D. White, Judge.

Action by L. A. Tyer against the Timpson Handle Company. From a judgment for defendant, plaintiff appeals. Affirmed.

H. E. Stephenson, for appellant.

McMEANS, J. This is a suit by the appellant, plaintiff in the court below, to recover of the appellee the balance due him as salary for services rendered during the year 1907, and for the value of certain personal property claimed by plaintiff and alleged to have been converted by defendant to its own use, and for exemplary damages for having withheld the possession of said property from plaintiff. The case was tried before a jury, and resulted in a verdict and judgment for defendant, from which plaintiff has appealed.

At a former day of this term of the court the judgment of the court below was affirmed by an oral opinion. Counsel for appellant in a motion for a rehearing earnestly insists that we reduce our conclusions to writing, and this we will now do.

There is no statement of facts accompanying the record, and the judgment of the court below, in so far as errors may have been committed in the admission and rejection of evidence, is sought to be revised on bills of exceptions, and these are not sufficiently full to enable this court to determine whether the testimony admitted and rejected was material, or that plaintiff was prejudiced thereby. The judgment of the court below is sought to be reversed upon 22 assignments of error, each of which is followed by a proposition, but no statement from the record sufficient to support and explain the propositions is subjoined to any of them as required by rule 31 (67 S. W. xvi); indeed, there is not a statement, or hardly a semblance of a statement, throughout appellant's entire brief, save under the twenty-first assignment, and therefore the assignments are not presented in such a way as to authorize our consideration of them.

Assignments Nos. 12, 15, and 19 assail certain portions of the court's charge on the ground that such portions are on the weight of the evidence, and 13, 14, 16, and 17 complain of other portions of the charge as not being warranted or supported by the evidence. In the absence of a statement of facts, it is impossible for us to say that the charge was or was not on the weight of the evidence, or that it had no evidence to support it.

The eighteenth assignment complains of another portion of the charge as being too general. Manifestly such assignment without any supporting statement cannot be considered. In justice to appellant's counsel, we deem it proper to state that the reason given by him in his motion for rehearing for not accompanying his assignments by a statement of facts was because the facts were not favorable.

Appellant's twenty-first assignment is as follows: "The court erred in going into the jury room, without permission of plaintiff or his counsel, while the jury were deliberating on their verdict in this cause, and there speaking to them and instructing them about the case." It appears from affidavit of M. M. Burroughs, one of the jurymen who sat in the trial of the case, that during the deliberation of the jury the presiding judge "came

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

to the jury room, and informed me in the presence of the jury the form of the verdict to bring in." Another juryman, L. N. Scruggs, also made affidavit that during the deliberation of the jury the presiding judge "came to the jury room, and informed us the form the verdict should be." This is all the information we get from the affidavits. This shows nothing more than that the trial judge merely instructed the jury as to the form of the verdict, and not as to its substance. This he could have done by his written charge, but which he omitted in his charge to do. It is not pretended that the judge directed that a verdict should be found in favor of either party, or that he undertook to control the character of verdict they should write. Having neglected in the charge to prescribe the form in which the jury should write their verdict after they had concluded their deliberations, it may be assumed that his advice was sought in this regard; and the affidavits prove nothing more than that he gave them the advice they so sought. The assignment does not present a reversible error.

We conclude that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.

### On Motion for Rehearing.

We granted appellant's motion for rehearing, and have again given the appeal, as presented, a fair and full consideration. We said in our opinion that no statement of facts accompanied the record, and this is literally true. What purports to be a copy of the statement of facts we find copied into the transcript, but this is not such a statement of facts as the law requires to be sent up with the record on appeal. Acts 1909, § 6, p. 376; Acts 1907, p. 510. We overlooked this copy at the time of preparing the opinion, and this was probably due to the fact that no reference to it by name or to any of its pages was made in appellant's brief. We have again examined each of the assignments of error contained in the brief, and reiterate what we said before, that of the 22 assignments presented, under not one of them, save possibly under the twenty-first, is there a statement from the record sufficient to support and explain the assignments and their subjoined propositions.

In view of this, it is wholly immaterial whether the statement of facts found in the transcript be considered as a proper statement of facts or not. The assignments with the exception noted are clearly not presented in such a way as to authorize our consideration of them. The twenty-first, as we have shown in the main opinion, presents no reversible error. We are of the opinion that the judgment of the court below should be affirmed, and it has been so ordered.