E. F. ROWSON & CO. v. McKINNEY.

(Court of Civil Appeals of Texas. San Antonio. Feb. 26, 1913.)

1. APPEAL AND ERROR (§ 601*)—RECORD—STATEMENT OF FACT — RECORD IN TRANSCRIPT.

A statement of facts copied into the transcript should be considered when there is no objection by the appellee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2651–2653; Dec. Dig. § 601.*]

2. COURTS (§ 78*)—RULES OF COURT—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Under the express provision of Const. art. 5, § 25, Acts 32d Leg. c. 119, § 6, providing that it shall not be necessary to copy the statement of facts in the transcript on appeal, but that on agreement of the parties and approval of the judge, and also in the event of a failure of the parties to agree and a filing of a statement of facts certified by the trial judge, the original thereof shall be sent up as a part of the record, is superior to and cannot be repealed by a rule of the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 274, 276–281; Dec. Dig. § 78.*]

3. APPEAL AND ERROR (§ 601*) — RECORD — STATEMENT OF FACTS — STATUTORY PROVISIONS.

Acts 32d Leg. c. 119, § 12, making the rules as to the filing of statements of fact in the district courts apply in the county courts, but only in cases where a stenographer has been appointed on the application of a party, and expressly repealing Acts 31st Leg. (1st Extra Sess.) c. 39, § 13, making the rules as to statements of fact the same in county courts as in district courts, was not intended to apply to other cases in the county courts, and hence it is not necessary to file a statement of facts separate from the clerk's transcript of the record in any case appealed from the coun-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ty court, except a case in which the court has so appointed a stenographer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2651–2653; Dec. Dig. § 601.*]

Appeal from Cameron County Court; Jno. Bartlett, Judge.

Action between E. F. Rowson & Company and C. G. McKinney. Judgment for McKinney, and E. F. Rowson & Company appeal and move to file statement of facts. Ordered that statement be filed.

R. B. Creager and J. T. Canales, both of Brownsville, for appellant.

FLY, C. J. Appellants had the statement of facts copied into the transcript, and seek to file a separate statement of facts. It is claimed that the statement of facts was so copied because rule 86 (142 S. W. xxiii) for the district and county courts requires all bills of exceptions and statement of facts shall be literally transcribed, and rule 92 (142 S. W. xxiii) requires an index in the transcript of the statement of facts.

[1] The two rules are old ones, and their reissuance by the Supreme Court in 1912 gave them no more force than they had before that time, and the Supreme Court has often recognized the law in regard to sending up separate statements of facts, and has also held that a statement of facts copied into the transcript should be considered when there is no objection by the appellee. Railway v. Stoker, 102 Tex. 60, 113 S. W. 3; Railway v. Waggoner, 102 Tex. 260, 115 S. W. 1172.

[2] The Laws of 1911, p. 264, § 6, general laws of that year, provide that "it shall not be necessary to copy said statement of facts in the transcript of the clerk, on appeal, but the same shall, when agreed to by the parties and approved by the judge, or in the event of a failure of the parties to agree and a statement of facts is prepared and certified by the judge trying the case, be filed in duplicate with the clerk of the court, and the original thereof shall be sent up as a part of the record in the cause on appeal." That law is superior to and cannot be repealed by a rule of the Supreme Court. The Constitution of Texas, art. 5, § 25, gives the Supreme Court the "power to make and establish rules of procedure, not inconsistent with the laws of the state, for the government of said court and the other courts of this state, to expedite the dispatch of business therein." The Supreme Court has not, we believe, ever contemplated transcending the powers granted by the Constitution in the article and section cited.

[3] Section 12, p. 268, Acts of 1911, makes the rules as to the preparation and filing of statements of fact in the district court apply to the same in the county courts, but only when a stenographer has been appointed up-on the application of a party to a suit, and the inference may be fairly drawn that the act was not intended to apply to other cases in county courts. In the Acts of 1909, p. 378, § 13, it was provided that the rules as to statements of fact should be the same in county courts as in district courts in all cases, but the law of 1909, as well as all other laws in conflict with the provisions of the act of 1911, were specially repealed by that act. We therefore hold that it is not necessary to file a statement of facts, separate from the clerk's transcript of the record, in any case appealed from a county court, except in a case in which the county judge, upon application of a party to the suit, shall appoint a stenographer to report the oral testimony given in such case.

Appellants have complied with the law in having the statement of facts in this case, which is not included in the exception, copied in the clerk's transcript; but as the request is made that the original statement of facts be filed, and appellee agrees to it, it is ordered that statement of facts be filed.