CITY OF PEARSALL v. CRAWFORD et ux.
(No. 6249.)

(Court of Civil Appeals of Texas. San Antonio. June 4, 1919. Rehearing Denied June 23, 1919.)

1. APPEAL AND ERROR ⬳600(2)—STATEMENT OF FACTS—COMPLIANCE WITH STATUTE.

The copying of statement of facts into the transcript of the proceedings does not constitute compliance with statute requiring original statement of facts to be sent to appellate court.

2. MUNICIPAL CORPORATIONS ⬳697(4)—OBSTRUCTION OF STREET — SUIT TO ABATE — PLEADING AND PROOF—DEDICATION.

In city's action to compel removal of fence inclosing alley, which city claimed had been rededicated after 10 years' title against city had been perfected by limitation, defendant, under Rev. St. 1911, art. 7740, could show that there was no new dedication of the alley, under plea of not guilty.

3. DEDICATION ⬳1—INTENTION OF OWNER—UNEQUIVOCAL ACTS AND DECLARATIONS.

To constitute a dedication of land for the purpose of a highway it must appear from the acts and declarations of the owner that such dedication was clearly and unmistakably intended by him, and that the public has acted in reference to and upon the faith of such acts and declarations.

4. DEDICATION ⬳19(5)—ALLEY—EXECUTION OF DEED—REFERENCE TO MAP.

Where title to land dedicated as alley was obtained by defendant by limitation under Rev. St. 1911, art. 5683, defendant did not rededicate land to city by sale of property with reference to map filed in deed records, where no mention was made of the alley, and where owner had not made or recorded plat; the reference to deed being for purpose of identifying lots, and not for purpose of dedicating alley.

5. DEDICATION ⬳20(2)—USE OF PROPERTY.

Dedication must be unequivocal before even use can create a dedication.

Appeal from District Court, Frio County; C. C. Thomas, Judge.

Suit by the City of Pearsall against V. T. Crawford and wife. Judgment for defendants, and plaintiff brings error. Affirmed.

Thos. H. Ward, of Pearsall, for plaintiff in error.

T. Dowe, Magus Smith, and John L. Pranglin, all of Pearsall, for defendants in error.

FLY, C. J. The plaintiff in error instituted this suit against defendants in error to compel them to remove their fence that incloses the alley across block No. 51 in said city, and restraining them from thereafter erecting or placing any fence or other obstruction on or across such alley. Defendants pleaded not guilty and the statute of limitations of 10 years. The court heard the testimony and rendered judgment denying plaintiffs the relief sought, and that defendants recover all costs.

[1] A statement of facts is copied into the transcript of the proceedings, which is uniformly held not permissible under the statute. The evidence was taken down by a court stenographer, and copying the statement of facts into the record did not comply with the statute requiring the original statement of facts to be sent to the appellate court. Tyer v. Timpson, 135 S. W. 250. The copy of the statement of facts is objected to by defendants, and cannot therefore be considered. Railway v. Stoker, 102 Tex. 60, 113 S. W. 3; Railway v. Waggoner, 102 Tex. 260, 115 S. W. 1172; Rowson v. McKinney, 154 S. W. 603. An attempt has been made to file the original here, over the objections of defendants, but that cannot be permitted, as the time for filing the same had expired before it was offered for filing in this court. However, the trial judge's conclusions of facts are fully as long as the statement of facts, and the conclusions are not assailed in any particular because not supported by the facts, but the only two assignments attacking the conclusions do so on the ground that the allegations of the answer did not support the conclusions of fact.

[2] The two assignments of error referred to, being the first and second, are overruled. Plaintiffs in their petition claimed a rededication of the alley, to the public, after the 10 years' title against plaintiff had been perfected by limitation, and under a plea of not guilty defendants could show that there was no new dedication of the alley. It is provided in article 7740, Revised Statutes that:

"Under such plea of 'not guilty,' the defendant may give in evidence any lawful defense to the action, except the defense of limitation, which shall be specially pleaded."

All that defendants did was to defend against a claim of dedication of the alley.

The only evidence shown by the conclusions of fact, or suggested by plaintiff, that could be claimed to tend in the direction of a dedication of the alley after title to the same had been secured by limitation was the reference in the deed to H. E. Ferguson by defendants to a map or plat of the block of which the two lots conveyed to Ferguson were a part. The description of the lots did not mention the alley, but merely gave the lots as being "in southeast corner of block No. fifty-one (51) as shown on map or plat of the city of Pearsall, filed in Frio county deed records; said lots being 54/125 feet in dimension." No mention was made by either of the parties to the deed of the alley, and the court found that it was not the intention of the defendants to dedicate the alley to the public or any member of it.

[3, 4] To constitute a dedication of land for the purpose of a highway, it must appear from the acts and declarations of the owner that such dedication was clearly and unmistakably intended by him. There must be some clear, unequivocal act or declaration of the proprietor showing an intention to set the highway, street, or alley apart for the public use, and that the public has acted in reference to and upon the faith of such act or declaration manifesting the intention to dedicate. Oswald v. Grenet, 22 Tex. 99; Ramthun v. Halfman, 58 Tex. 551; Wolf v. Brass, 72 Tex. 133, 12 S. W. 159. There is not one circumstance in this case tending to show that defendants intended to dedicate the former alley again to the public of the city of Pearsall, and, if anything could be implied from the reference to a plat in the deed to Ferguson, it would be as to a license to the latter to have a back entrance to his property. As said in the cited case of Ramthun v. Halfman, in which a former owner had left a lane open and had called for deeds:

"Frels may have left the way open for public use under such circumstances as to amount to a license in the public to so use it, until such time as he might see fit to withdraw the land from that use by revoking the license; and the fact that he called for this lane as a boundary in selling portions of his land is by no means conclusive of his intention to dedicate it to the public, for it is not called for as a public lane or public road, but is called for as 'what is known as Frels' lane.' "

[5] In this case the alley was not mentioned in deed or conversation, and it is clear, as found by the trial judge, that the reference to the map or plat was made for the sole purpose of identifying the lots and not to dedicate the alley. Neither does the deed to Ferguson form the basis for estoppel as between plaintiffs and defendants. If the alley was offered to the public there was no acceptance. As said in the case of City of San Antonio v. Grandjean, 91 Tex. 430, 41 S. W. 477, 44 S. W. 476, under stronger facts, it is hard to find in the facts any element of estoppel. The dedication must be unequivocal before even use can create a dedication. Gillean v. City of Frost, 25 Tex. Civ. App. 371, 61 S. W. 345.

There is no evidence whatever of an intention to rededicate the alley to the public, but as far back as 1912 defendants had ignored an ordinance of the city council requiring the opening of the alley, and had continued to hold it adversely to the city. As said by Dillon, Mun. Corp. § 1079:

"An intent on the part of the owner to dedicate is absolutely essential, and unless such intention can be found in the facts and circumstances of the particular case, no dedication exists."

It is, of course, not a hidden intention, but it must be manifested by acts. If the alley had not been fenced and occupied as a garden and lots had been sold with reference to a plat, there might be evidence of intention to dedicate but an owner cannot be deprived of his land unless the intent to dedicate clearly and satisfactorily appears. Defendants did not make and record the plat or map of their block, but bought by it, and immediately repudiated it by fencing the whole block, thereby destroying the alley, and appropriating it to their own use and benefit as against the claims of the city. Limitation will run against a city as to alleys. Rev. Stats. art. 5683; Guadalupe County v. Poth, 163 S. W. 1050.

The rights of Ferguson in an easement in the alley cannot be considered in this case. The case here is one between plaintiff and defendants, involving the right of the former to an alley across the land of defendants. There was no dedication of the alley to public use. No case has been called to our attention in which an alley that has been held adversely to a city for over 10 years can be rededicated to public use by a single reference in one deed to a plat on which the alley is shown, without any other fact showing an intent to dedicate.

The judgment is affirmed.