## CITY OF HOUSTON v. CYRUS W. SCOTT MFG. CO.

### No. 2607.

Court of Civil Appeals of Texas. El Paso.

Dec. 24, 1931.

Rehearing Denied Jan. 14, 1932.

Sam Neathery, Rodman S. Cosby, and William D. Orem, all of Houston, for appellant.

Teagle & Benbow, of Houston, for appellee.

HIGGINS, J.

This is a suit by appellee to recover a parcel of land in the city of Houston claimed by the city to be a part of Brazos street.

The city of Houston was originally founded by A. C. and J. K. Allen some time prior to 1839. In 1866 B. Bissonett acquired title through the Allens to fractional block 62 by a deed from one Saphronia E. Cone, and the property was described as "fractional block 62 according to the maps of said City now in use." A map known as the Girard map of the city of Houston was drawn in January, 1839, and is recorded in volume J, page 59, of the Harris County Deed Records, and shows the property in controversy to be a part of Brazos street. The next map made of the city of Houston was the Scott and Kosse map in 1867, and shows the property in controversy to be a part of Brazos street located between blocks 61 and 62 of the city of Houston. The area in controversy was shown on the maps in general use in the city of Houston from the time of the Girard map in 1839 to the time of the institution of this suit in 1928 to be a part of Brazos street in the city of Houston.

By deed dated March 16, 1894, certain of the Bissonett heirs conveyed an undivided five-sevenths interest in block 62 to E. L. Combs, by description which reads: "The undivided 5/7ths of that certain lot, tract and parcel of land, lying and situated on the S. side of said Bayou in said City County and State, known on the map of said City and here described as Fractional Block No. 62 and the improvements thereon."

Later in the same year another one of the heirs conveyed her interest in the block by substantially the same description.

On January 4, 1895, Combs acquired the interest of certain minor heirs of Bissonett by sale made in partition proceedings.

Title to block 62 passed from Combs to his wife by devise and from Mrs. Combs to Douglas Burnett; from Burnett to L. C. Wilson; from Wilson to Rosine C. House, who conveyed to appellee by deed dated January 19, 1920. In the deed from Mrs. House she also conveyed the land in controversy, describing the same by metes and bounds. In Decem-

ber 1929, appellee obtained from the heirs of B. Bissonett a quitclaim deed to the land.

Upon special issues the jury found facts establishing title in Bissonett prior to July 4, 1887, under the ten-year statute of limitations and against appellant on its plea of title subsequent to said date under the same statute.

Judgment was rendered in favor of the appellee upon these findings.

Appellant complains of the refusal of a peremptory charge in its favor.

Its theory in this connection is that, after Bissonett acquired title by limitation, his heirs rededicated the land to street purposes; that this rededication is evidenced by the descriptions in the deeds to Combs where the block is described by reference to the map of the city, coupled with the further fact that the heirs had made no claim to the property subsequent to the conveyance to Combs and had acquiesced in the construction by the city of a storm sewer in the street.

■ The defendant pleaded its defenses specially. It is therefore confined to the defenses pleaded. Appellee insists the issue of a rededication by the heirs is not raised by the pleadings. It is doubtful if the pleadings are sufficient in this respect, but we incline to think the fifth paragraph of the answer sufficient for that purpose. The doubt in this respect is resolved in favor of appellant, and the issue of a rededication by the Bissonett heirs will be considered upon its merits.

■ Appellant invokes that line of authority, well settled in this and other jurisdictions, that, where land is subdivided into lots and blocks, platted upon a map, and sales made by the owner with reference to such map, he is conclusively presumed to have irrevocably dedicated to the use of the public the streets shown upon such map. City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924.

■ Whatever may be the nature of the acts relied upon as creating a dedication, it is the universal rule that the intention to dedicate must exist and be plainly evidenced. In some instances the intention so to do is conclusively presumed as in the line of authority relied upon by appellant.

■ But where there is a conveyance of land with reference to a map, upon which a street is shown, no dedication of such street is presumed where the conveyance upon its face discloses, or it is otherwise shown, that the reference to the map is for descriptive purposes only. 18 C. J. 61, § 47; City of Pearsall v. Crawford (Tex. Civ. App.) 213 S. W. 327.

■ The deeds to Combs make no reference to Brazos street or any other street. The reference to the city map was evidently for descriptive purposes only, and this is the inference to be drawn from all of the other facts and circumstances reflected by the record.

■ The land in question was within the Bissonett home inclosure, and the heirs considered they had sold to Combs all of their interest in the entire tract. This explains their failure to thereafter claim the land and acquiescence in the city building a storm sewer on the same. This case, upon the facts, differs in no material respect from City of Pearsall v. Crawford, supra, and under the authority of that case it is clear that a rededication by the Bissonett heirs is not conclusively shown. See, also, Ramthun v. Halfman, 58 Tex. 551; City of Atlanta v. Ry. Co., 56 Tex. Civ. App. 226, 120 S. W. 923; San Antonio v. Sullivan, 23 Tex. Civ. App. 619, 57 S. W. 42.

■ Upon the issue of rededication the evidence at best raised but an issue of fact. No issue, with respect thereto, was submitted, nor requested to be submitted. In this condition of the record it must be assumed the issue was waived by appellant. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ By its second proposition appellant questions the sufficiency of the evidence to support the verdict. The supporting statement and argument discloses the attack upon the evidence is directed against the first and second findings which established title in Bissonett under the ten-year statute of limitations.

The evidence shows that shortly after acquiring block 62 Bissonett established his home on the same and lived there with his family for about twenty-seven years. The land in dispute was within his inclosure. During all the years he lived there the land in dispute was cultivated and used as a garden. One of his houses was wholly or partly on the land. The evidence abundantly supports the findings establishing a limitation title vested in Bissonett prior to July 4, 1887.

Affirmed.