## SULSER v. CARAWAY et al.

### No. 3531.

Court of Civil Appeals of Texas. Beaumont. Nov. 13, 1939.

Rehearing Denied Nov. 15, 1939.

Coleman & Coleman, of Lufkin, for appellant.

Ned Shands, Jr., of Lufkin, for appellees.

WALKER, Chief Justice.

This suit was filed in the district court of Angelina county, September 1, 1932, by appellant, Mrs. Edna Sulser, against appellees, Archie Caraway, et al., praying for judgment for the balance due on a promissory note and for foreclosure of a deed of trust lien against certain real estate described in the petition. At the time appellant filed her petition she caused the property to be seized by writ of sequestra-

tion; after appellees failed to replevy the property, appellant duly executed her replevy bond, took possession of the property, paid the repair bills, and collected the rent up to the time final judgment was entered herein in the lower court, December 17, 1938. On the 20th of October, 1932, appellees filed their original answer consisting of a general demurrer, general denial and a special plea on the issue of heirship. On the 14th day of December, 1938, appellees filed their first amended original answer and cross action, pleading as in their original answer and praying for an accounting by appellant on the profits of her possession of the property under her replevy bond. Appellant filed her supplemental petition, answering appellees' answer, pleading general and special demurrers, and specially denying special matters plead affirmatively by appellees, and specially pleading limitation of two and four years against the demand for an accounting. If the demurrers were called to the attention of the trial court, and if he ruled thereon, no record of such ruling is reflected by the judgment.

On trial to a jury, the amount due on appellant's note was established beyond controversy. On the issue of accounting the jury found that appellant had collected rents in the sum of $3,744, and that she had expended in caring for the property the sum of $1,129.50. The amount due on the note was $1,417.41. The court decreed an accounting between the parties, cancelled appellant's deed of trust as having been duly paid, and awarded judgment against appellant for the balance due on the accounting in the sum of $1,761.81. In decreeing the accounting, as a matter of law and not a fact issue, the court awarded appellees interest on the rents. On her motion for new trial, appellant complained of the interest charges made against her in the accounting, and that she had not been allowed proper credits for interest on her note. Appellees conceded these points in the lower court, and remitted their damages from $1,761.81 to $1,000. From the judgment entered against her, appellant has duly prosecuted her appeal to this court.

■ Her first point is that appellees' action for an accounting was barred by limitation. We pretermit a discussion of the counter propositions to the effect that the plea for accounting was not within the statutes of limitations. Answering this point, it is sufficient to say that, if the issue of limitation was within appellant's special exceptions, these exceptions were not called to the attention of the trial court and no ruling was made thereon; therefore, they were waived. As a jury issue, limitation was not submitted by the court in the main charge. Appellant failed to except to the charge in the manner and form required by law; therefore, as a fact issue, the issue of limitation was waived. We overrule the point that the verdict of the jury finding the amount of rents collected by appellant was without support in the evidence. The evidence on this issue was conflicting but as a whole satisfactorily supports the jury's verdict.

■■ The amount of rents collected by appellant was sent to the jury by special issue No. 1. She assigns misconduct against the jury in answering this question "in that the jury disregarded the evidence and agreed on a mathematical formula by which to reach an answer to Special Issue No. One, agreed before hand to be bound by the result of this formula, and rendered as their answer to Special Issue No. One the result of applying to the formula devised." As misconduct, appellant assigns the following facts: "The jury agreed to consider three of the houses vacant during the entire six years, and twelve houses occupied continuously during those years. They further agreed to consider four dollars a month as the amount of rent collected from each of the twelve houses each month, and that all of the rent was actually collected."

There was evidence to the effect that from time to time certain of the tenant houses were vacant. In deliberating on their verdict, weighing all the testimony, the jury determined that during the time appellant held this property, on an average three of the houses would be vacant. The evidence was sufficient to support that conclusion. There was testimony as to the rental value of the houses; the evidence was sufficient to support a finding that the average rental value per month of each of the houses occupied—that is, all the twelve houses—was $4 per month. Having reached these conclusions on the evidence, the jury made its calculation of the rents collected by appellant. After the calculation was made, the jury again considered the issue of the amount of rents, and on the evidence assessed the damages for rents at $3,744. It is our conclusion that

these facts do not constitute misconduct. The basis of the calculation was not a mere "assumption" by the jury, but was a fact finding on the evidence. But if this manner of calculating the rent was irregular, the jury did not consider itself bound by the result, but reached its verdict, assessing damages on this item, on a review of the evidence. The facts of this case bring it within the following rule announced by 31 Tex.Jur., page 53: "There can be no new trial if the quotient served merely as a working basis, and if the question of damages were thereafter fully discussed."

The second assignment of misconduct must be sustained. During the trial, and before returning their verdict, two of the jurors made a personal inspection of the property in controversy, and reported back to their brethren that two of the items of expenditure claimed by appellant, totaling $230, should not be allowed. This conduct by these two jurors constitutes error. However, the error assigned relates only to these two items of $230; no contention is made by appellant that this misconduct entered into any other element of the verdict.

If appellees within fifteen days from the date of this order will file a remittitur of $230, reducing their recovery against appellant to the sum of $770, the judgment of the lower court will be affirmed. If the remittitur is not filed, the judgment of the lower court will be reversed and the cause remanded. In the event the remittitur is filed, all cost will be taxed against appellees.