DE MARTINEZ et al. v. DE VIDAURRI
et al.

No. 11910.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 26, 1949.

Rehearing Denied Feb. 23, 1949.

824

Robert Lee Bobbitt and Laurie M. Huck, both of San Antonio, Horace C. Hall, of Laredo, and Ralph W. Brite, and Robert Lee Bobbitt, Jr., both of San Antonio, for appellants.

Bismark Pope and Phelps & Phelps, all of Laredo, for appellees.

MURRAY, Justice.

This suit was instituted in the form of trespass to try title by Antonia Martinez de Vidaurri and eight others, who are the heirs of Juan Vidaurri, against Refugio Gutierrez de Martinez and eight others, who are the heirs of Juan Martinez Cuellar, seeking to recover four parcels of land or small fields known as follows:

(1) Carrizo Field, containing 2.82 acres of land,

(2) Chiquita Field, containing 1.68 acres of land,

(3) Las Liebres Field, containing 94.26 acres,

(4) Ancon Field, containing 8.89 acres.

The trial was to a jury and resulted in judgment for plaintiffs for the title and possession of the four fields, from which judgment defendants have appealed.

These four fields are disconnected tracts of land lying near the community of Dolores in Zapata County, Texas. They are all four located within a very large grant of land in that county, known as the J. Vasquez Borrego Grant, Survey No. 209. Each one of these fields has been surveyed and each is described by metes and bounds. It is contended by appellants and, more or less, admitted by appellees, that these four fields have been in the actual possession of appellants and their ancestors for many years, going back as far as 1872 as to one of the fields.

Appellees claim these four fields by a chain of title going back to an alleged common source. Appellants, in addition to their plea of "not guilty" also plead a chain of title back to an alleged common source.

Appellees' notice of common source, as set out in their pleadings, is as follows:

"Notice is hereby given that on the trial of the above styled and numbered cause the plaintiffs herein will claim as the common source of title of both the plaintiffs and the defendants herein one Jose Maria Margil Vidaurri.

"The recorded instruments listed below are relied upon, and the record thereof from the Deed Records of Zapata County, Texas, will be offered and read in evidence on the trial to show plaintiffs' title from and under the common source.

"1. Deed from Jose Maria Margil Vidaurri to Hipolito de la Pena and Alejandro Vidaurri dated May 4, 1829, recorded at Book E, pages 388-391 of the Deed Records of Zapata County, Texas.

"2. Deed from Antonio Pena Vidaurri to Trinidad C. Vidaurri, Alejandro Vidaurri, Juan Vidaurri, Narciso Vidaurri, Agapito Vidaurri, Soledad Vidaurri and Jesus Maria Vidaurri conveying all of the interest of the said Antonio Pena Vidaurri in Spanish Government Grant 209 Vasquez Borrego, except 200 acres, said deed dated January 1, 1890, and recorded in Volume 2 at pages 473-474 of the Deed Records of Zapata County, Texas.

"3. Deed from Antonio Pena Vidaurri to Juan Martinez Cuellar and Juan Vidaurri conveying 200 acres of land out of the Jose Vasquez Borrego tract, Abstract No. 209, dated May 8, 1899, and recorded in Volume 4, page 187 of the Deed Records of Zapata County, Texas.

"4. Deed from Juan Martinez Cuellar and wife, Refugio Gutierrez de Martinez to Juan Vidaurri, conveying 470 acres of land, a part of the Jose Vasquez Borrego Grant in Zapata County, Texas, and also conveying the undivided interest of the said Juan Martinez Cuellar of 100 acres acquired by him in a joint deed from Antonio Pena Vidaurri to himself and Juan Vidaurri, said deed being dated April 10, 1916, and recorded in Volume 8 at page 200, Deed Records of Zapata County, Texas.

"5. Judgment in Cause No. 2832 styled Bacilio Vidaurri, et als. vs. A. M. Bruni, rendered in the 49th Judicial District Court of Webb County, Texas, on the 4th day of August, 1915, which judgment is entered in Volume 12 at pages 359-360 of the Minutes of the District Court of Webb County, Texas, and is recorded in Book 9 at pages 95-97 of the Deed Records of Zapata County, Texas."

Appellants' notice of common source, as set out in their pleadings, is as follows:

"Notice is given by the defendants that they intend to show, on the trial of the above entitled and numbered cause, that Jose Maria Margil Vidaurri is the common source of title of plaintiffs and defendants, to-wit:

"1. That plaintiffs claim title as alleged in Plaintiffs' First Amended Original Petition under one Antonio Pena Vidaurri; that the defendants will show that said Antonio Pena Vidaurri acquired such title as he may have had in the Borrego Grant by inheritance from and under his father, Hipolito de la Pena, and his mother, Sra. Antonina Vidaurri (also known as Antonina and Antonia Vidaurri Vda. de la Pena).

"2. That said Hipolito de la Pena acquired his title thru deed dated May 4, 1829, the said common source, Jose Maria Margil Vidaurri, being the grantor therein, and said Hipolito de la Pena and Alejan-

dro Vidaurri being the grantees therein, said deed being recorded in Book E at pages 388-391 of the Deed Records of Zapata County, Texas, and said deed conveying to Hipolito de la Pena the upper portion of the land from 'Loma del Difunto Flores' to 'Canada San Andres' in the Borrego Grant, Zapata County, Texas, known as the Dolores Ranch or Subdivision.

"And Defendants will show their chain of title to the lands in controversy and their superior title thereto, under said common source, as follows, to-wit:

"1. Deed from Jose Maria Margil Vidaurri, the said common source, dated May 4, 1829, to Hipolito de la Pena and Alejandro Vidaurri, recorded in Vol. E., pages 388-391, Deed Records of Zapata County, Texas.

"2. Deed from Sra. Antonina Vidaurri, also known as Antonia Vidaurri widow of Hipolito de la Pena, dated September 20, 1859, to Cosme Martinez, the founder of the Delores Settlement, said deed recorded in Vol. 12, pages 168-171 of the Deed Records of Zapata County, Texas, wherein there is conveyed to said Cosme Martinez the upper ¼ of the land from the 'Canada de San Andres' to the Hill known as 'Loma Del Difunto Flores' in the Borrego Grant, Zapata County, Texas.

"3. Defendants will show that Cosme Martinez went into possession of said lands, and the lands involved in this suit, in the year 1859, and said Cosme Martinez, and these defendants and his heirs, have been in possession thereof continuously since 1859.

"4. Defendants will show their claim of title and possession under the three, five, ten, and twenty-five years statutes of limitations.

"5. Use of the records of the foregoing instruments in the office of the County Clerk of Zapata County, Texas, to show title under said common source will be resorted to by defendants, ten days notice as required by law for the use of recorded records having heretofore been given."

Thus it will be seen that both parties claim Jose Maria Margil Vidaurri as the common source. However, as to the Las

Liebres Field appellees make the further claim, that a certain 200 acres was conveyed jointly to Juan Martinez Cuellar and Juan Vidaurri and that the Las Liebres Field was included within this 200 acres, and that afterwards Juan Martinez Cuellar conveyed his interest in this 200 acres to Juan Vidaurri. Appellants are the heirs of Juan Martinez Cuellar, and appellees are the heirs of Juan Vidaurri. Appellants contend, however, that Las Liebres Field is not a part of the 200 acres owned jointly by the two Juans.

Appellees do not claim to have been in possession of the four fields sued for herein, so, unless they have shown a regular chain of title from a common source down to themselves, their suit must fail. Appellees must recover, if at all, upon the strength of their own and not upon the weakness of appellants' title. Humble Oil & Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218; Kinney v. Vinson, 32 Tex. 125; 41 Tex.Jur. p. 492, Sec. 30.

The first conveyance relied upon by appellees is a deed from Antonio Pena Vidaurri to Trinidad C. Vidaurri et al., dated Jan. 1, 1890. The land conveyed by this deed is described as follows:

"All that certain tract of land situated in Zapata County out of the grant granted to Basquez Borrego by the Spanish Government, ab. No. 209, as follows:

"All my interest that I have as heir of my mother, Antonia Vidaury and also my interest that I have as heir of my father, Hipolito Pena Garcia.

"The land herein sold it being all my interest except 200 acres to be taking out in whatever the say Anto. Pena Vidaury may select."

The record does not show what interest, if any, Antonio Pena Vidaurri had in the Basquez Borrego Grant No. 209, and, certainly, in the absence of such proof, it can not be said that this deed conveyed anything.

The next deed relied upon is from Antonio Pena Vidaurri to Juan Martinez and Juan Vidaurri, dated May 8, 1899. The land there described is as follows:

"all that certain piece or parcel of land lying and being situated in the County of Zapata and State of Texas, and consisting of Two Hundred (200) acres of land in the Ranco Las Lajas, on a grant of land well known as the Jose Vasquez Borrego tract being abstract No. 209, this being my entire right, title and interest in and unto said tract."

It would seem that this deed refers to the 200 acres excepted out of Antonio Pena Vidaurri's deed to Trinidad C. Vidaurri et al. It occurs to us that this vague description of this two hundred acres of land is insufficient to describe any particular 200 acres out of this vast Borrego Grant No. 209, and there is no evidence of probative force in the record to show that any one of the four fields, the subject matter of this lawsuit, was located within this particular 200 acres.

Appellees offered in evidence Exhibit No. 1, which was a plat of a survey of about 200 acres of land made by E. J. Foster, County Surveyor of Webb County. E. J. Foster was a witness at the trial and admitted, on cross-examination, that the survey was based upon hearsay as to much of the facts shown on the plat. This survey was made on December 7, 1946, and does not reveal facts as they existed upon the ground when the deed was made to the two Juans on May 8, 1899. The only other witness testifying as to the location of the 200 acres conveyed to the two Juans was Alejandro Vidaurri, one of the appellees herein. He testified that his memory went back thirty years, more or less, which would be 1918, more or less. He testified to no facts showing the location of the 200 acres conveyed to the two Juans in 1899. Appellees wholly failed to show that these two hundred acres were connected in any way with the four fields herein sued for.

The only witness who attempted to locate these 200 acres upon the ground was a witness offered by appellants, one Mercurio Martinez, and, according to his testimony, none of the four fields were located within these 200 acres.

The next instrument relied upon by appellees is the judgment in the case of Bacilio Vidaurri et al. v. A. M. Bruni, dated August 4, 1915. By this judgment

Juan Vidaurri, the father of appellees, was awarded all of the right, title and interest of A. M. Bruni to a very large tract of land fully described in the judgment. Neither Juan Martinez Cuellar nor appellants were parties to this suit. It is not shown what interest, if any, A. M. Bruni had in this tract of land. It does seem that the four fields sued for herein lie, like fenced islands, within this large body of land described in this judgment. There is nothing that connects A. M. Bruni with the alleged common source, Jose Maria Margil Vidaurri. This judgment cannot be considered a link in the chain of title from the common source to appellees. Thus appellees failed to show a regular chain of title from a common source to any one of these four fields and the trial court should have granted appellants' motion for judgment non obstante veredicto.

■ This motion should have been granted for another reason: Appellants and those under whom they claim have held the peaceable and adverse possession of these fields for more than ten years, thus acquiring title thereto by the operation of the Statutes of Limitation, Art. 5510, Vernon's Ann.Civ.Stats. There is no contention made that any one other than appellants and those under whom they claim had ever been in possession of these fields, since they have existed as fields, going back as far as 1872. There is some contention that these fields would only be farmed for about six months out of each year. It was shown that a preparation for an annual crop of cotton would be begun in January or February and that the crop would be completely gathered by July or August. However, this space of time elapsing between crops does not constitute an abandonment of possession of the fields and did not interrupt the running of the statutes of limitation in favor of appellants. Dunn v. Taylor, 102 Tex. 80, 113 S.W. 265.

■ It is further contended that some years no crop was planted and only cattle and horses were grazed in these fields. Neither would this constitute an abandonment of appellants' possession of the fields, but it would be an open and adverse use of the lands. Hirsch v. Patton, 49 Tex.Civ. App. 499; 108 S.W. 1015.

Appellees introduced in evidence their Exhibit No. 5, under the ancient document rule permitting ancient documents to be introduced in evidence without proving their execution. Exhibit 5 was in the Spanish language and when translated reads as follows:

"In conformity and with the permission of Juan Vidaurri I will use three fields and one Ancon. Dolores, Texas, March 20, 1916.

"Juan Martinez.

"Witnesses:
"Proceso Martinez
"Mercurio Martinez"

■ M. J. Raymond, Esq., County Judge of Webb County, testified that he filed a suit for Juan Vidaurri and wife, Antonia Martinez de Vidaurri, in the District Court of Webb County in December, 1927, against the present appellants for the recovery of these four fields, it being a suit in trespass to try title, Cause No. 8354 on the docket. This cause was pending on the docket until December, 1946, at which time it was dismissed upon motion of plaintiffs and at plaintiffs' cost. The petition and judgment were both introduced in evidence. Judge Raymond testified that this Exhibit No. 5 was handed to him by Juan Vidaurri just before he filed the suit in 1927, that he kept it in his possession for many years and ultimately turned it over to S. T. Phelps, Esq., one of the present attorneys for appellees. S. T. Phelps, Esq., was called as a witness and accounted for the possession of the instrument up until the present time. Appellants filed an affidavit charging the instrument to be a forgery. One of the alleged witnesses to the document was present in court. The instrument was admitted in evidence over the objection of the appellants. Included in the appellants' objection was the contention that the age of the instrument was not established by proof of its alleged date. We think this objection is good. For a document to be admitted in evidence three things must be shown: (1) It must have been in existence for the period of thirty years; (2) it must have come from the

proper custody, i. e., from some place where it would be natural to find a genuine document such as the one in question; (3) the document must in appearance be free from suspicion. West v. Houston Oil Co., 56 Tex.Civ.App. 341, 120 S.W. 228, 331. Appellants did not show the age of the instrument. It was accounted for only since 1927, or for a period of twenty years. This was ten years short of the required thirty years. The purported date of the instrument did not prove its age. In West v. Houston Oil Co., supra, it is said:

"In regard to the first of these requirements, we deem it proper to say * * * that the purported date of the document does not of itself prove anything; for anybody may have forged the written date only a short time before the trial."

In the recent case of Rio Bravo Oil Co. v. Staley Oil Co., 138 Tex. 198, 158 S.W. 2d 293, the above rule is again reiterated. The proper predicate for the admission of appellees' exhibit No. 5 was not laid and the court erred in admitting it in evidence without proof of execution.

Even if appellees' Exhibit No. 5 had been properly admitted in evidence the effect of it was nullified when the first trespass to try title was filed in 1927. The plaintiffs in that cause, which were the mother and father of appellees here, alleged "that on or about the 1st day of January (1927) they were lawfully seized and possessed of the following described land and premises (here follows a description of the four fields herein involved).

"That on the day and year last aforesaid defendants unlawfully entered upon said premises and ejected plaintiffs therefrom and unlawfully withholds from them the possession thereto, * * *."

These allegations were sufficient to show that appellees' predecessors in title had knowledge that while Juan Martinez Cuellar may have been holding only permissive possession in 1916, that his heirs had repudiated such permission in 1927, and was asserting a hostile use of these four fields. This suit having been dismissed on motion of the plaintiffs therein without having been prosecuted to final judgment, it was insufficient to toll the running of the stat-

ute of limitation. Art. 5510, supra; Gibbs v. Lester, Tex.Com.App., 41 S.W.2d 28, 80 A.L.R. 431. Thus, appellants have been in peaceable and adverse possession of these four fields for more than twenty years since the filing of the first suit. In fact, one of appellees, Alejandro Vidaurri, admitted, in effect, on the witness stand that he and the other appellees had known of the hostile claim of appellants of these four fields since the filing of the first suit.

For the reasons above pointed out, the judgment will be reversed and judgment here rendered in favor of appellants for the title and possession of the four fields. The costs of both this and the trial court will be taxed against appellees.