John H. WHITE, Appellant,

v.

Paul BOND et al., Appellees.

No. 7109.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 19, 1962.

Rehearing Denied March 26, 1962.

White & White, Borger, for appellant.

Linn & Helms, Spearman, for appellees.

CHAPMAN, Justice.

Appellees, Paul Bond, R. C. Jinkins, J. L. Harris and Ruby Smith, a widow, plaintiffs below, brought suit against John H. White under Art. 4004, Vernon's Ann.Tex.Civ. St. to recover damages based upon fraud in the misrepresentation of material facts knowingly made to appellees by appellant White and his agent Orr concerning stock in a proposed uranium mining corporation. Upon motion by appellant all the cases were consolidated. The case was tried to a jury, which resulted in a verdict for all appellees for both actual and exemplary damages.

The jury found that John H. White personally represented to appellees Bond, Jinkins and Harris and through his agent, J. W. Orr, represented to Ruby Smith that he had good title to the mining claims in question; that "this was a big group with people all over the country in it and that it had business men, mining men, geologist and other specialist in charge of various phases of management;" and that "this was good stock." They then found each such representation was material, each was willfully made, that all such representations were false, and that appellee's relied upon all such representations in purchasing such stock. The jury also found exemplary damages for each plaintiff in the exact amount of their respective actual damages. Judgment was awarded by the trial court in accordance with such jury findings. From this judgment appeal has been perfected to this court.

In his first group of points appellant asserts reversible error of the court in refusing to sustain the plea of the two-year statute of limitations, which is the applicable limitation statute to Art. 4004, V.T.C.S.

The pleadings upon which all appellees went to trial alleged they did not discover the fraud until on or about September 15, 1958. All original petitions were filed before two years after said date. Taking the testimony with respect to the discovery of fraud in its most favorable light for appellant it does not show as a matter of law that any of the suits were filed more than two years after the discovery of fraud or after two years from the time when by the exercise of due diligence they should have discovered it. Appellant filed objections to the court's charge and an application for instructed verdict. In neither did he raise the question of the failure of the court to submit issues upon the limitation questions nor did he request special issues thereon. Therefore, the questions on the issues of limitation were waived. Rules 272 and 279, Vernon's Ann.Civ.Tex. Rules of Civil Procedure; McCarver v. City of Corpus Christi, 155 Tex. 153, 284 S.W.2d 142; Fenn v. Boxwell, Tex.Civ.App., 312 S.W.2d 536 (N.R.E.); Sulser v. Caraway et al., Tex.Civ.App., 134 S.W.2d 426 (N.W. H.); Money v. Dameron, Tex.Civ.App., 70 S.W.2d 291 (Writ refused); Williams et ux. v. Ballard et al., Tex.Civ.App., 256 S.W.2d 978 (N.W.H.). Accordingly, the group of issues concerning the limitation questions are overruled.

In the next group of points appellant asserts error in the failure of the court to grant his motions for instructed verdict and judgment notwithstanding the verdict as to appellee, Ruby Smith, because she failed to allege that J. W. Orr was appellant's agent in the transaction and because the evidence did not conform to the pleadings. The following allegation is made:

"This is a suit based upon misrepresentations, of material facts knowingly made to plaintiff by defendant and *defendant's agent J. W. Orr* concerning stock in Ziza Corporation which plaintiff relied on to her damage, all of which will be hereinafter more specifically alleged." (Emphasis ours.)

The transcript before us fails to show any special exceptions to the pleading, and in the absence thereof we believe it was sufficient. Rule 45, V.A.T.R. provides that a legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole. After

pleading that J. W. Orr was appellant's agent, a legal conclusion not excepted to, Mrs. Smith then pleaded specifically and in detail the representations made by appellant and his agent to her.

■■ Pleading a legal conclusion is permissible if the pleader's adversary is not mislead by it. Texas Employers' Insurance Association v. Price, Tex.Civ.App., 336 S.W.2d 304 (N.W.H.). There is certainly not anything in this record to indicate appellant was mislead by the pleadings of agency on the part of Orr, and the agent finally admitted the gift of stock for his services.

■ Though Mrs. Smith was rather rambling and not as coherent as a witness should be she testified Mr. Orr told her he was selling the stock for Mr. White, that it would be just a few days before they would have it out on the market, that she would buy it for a penny a share and after she bought it the stocks would be ten cents a share, that the uranium was all around them, that they were working it and they could not fail. We believe, in studying her testimony as a whole, it was at least sufficient to justify the submission of the sets of issues showing agency and the representation that "this was good stock." Therefore, the court properly overruled appellant's motions for instructed verdict and for judgment notwithstanding the verdict.

In his next set of points appellant asserts error in permitting parole evidence to vary the terms of the contract, in admitting testimony of the conduct of the business of the later formed corporation, in failing to grant a judgment N.O.V. for him for the reason that the answers of the jury to the issues submitted did not constitute fraud, and because of a lack of proof of knowledge of falsity.

■ This suit was brought for fraud based upon both oral and written misrepresentations made to appellees. Our courts have held that: "Whenever issues of

* * * fraud, and good faith are raised, the evidence must take a rather wide range and may embrace all the facts and circumstances which go to make up the transactions, disclose its true character, explain the acts of the parties, and throw light on their objects and intentions." Blanton v. Sherman Compress Co., Tex.Civ. App., 256 S.W.2d 884 (N.W.H.); Chandler v. Butler, Tex.Civ.App., 284 S.W.2d 388 (N.W.H.).

Art. 4004, V.A.T.S. provides in part as follows:

"Actionable fraud in this State with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract."

Under the rules just announced we believe the evidence complained about in the points under discussion was clearly admissible and that such testimony constituted fraud in each instance in one or more of the representations made to each appellee upon which the issues were based. Appellant admitted he told them he had good title. Such statement was in response to opposing counsel's inquiry as to what he represented to the proposed investors at one of the meetings before they invested concerning title to the claims upon which he was attempting to sell them stock. It was obviously clouded because he used $2750.00 of appellees' money to pay off those claiming the title. Appellant was a lawyer with more than 30 years experience in the practice of his profession. We believe it would have to be assumed that he knew he did not have good title to property which was clouded by a pending suit and which he later paid at least $2750.00 to those asserting title in order to perfect it.

■■ There is also sufficient testimony to justify the submission of the other issues on fraud and to support the jury's affirmative findings thereon. Appellant certainly knew there was not "a big group with people all over the country in it and that it had business men, mining men, geologist, and other specialist in charge of various phases of management" when he was, according to this record, the guiding light himself and the complete manager making all the important decisions. Some of the provisions of Art. 4004 have been declared invalid but the above quoted provision is valid. Sibley v. Southland Life Ins. Co., Tex., 36 S.W.2d 145, Syl. [1–4].

■ "The utterance of a known false statement, made with intent to induce action * * * is equivalent to an intent to deceive." Texas Industrial Trust v. Lusk, Tex.Civ.App., 312 S.W.2d 324 (Writ Refused).

■ Appellant insists there was no proof of knowledge of falsity. We do not agree but even so, arguendo only, this would not per se excuse him. " * * * an unqualified statement that a fact exists, made for the purpose of inducing another to act upon it, implies that the one who makes it knows it to be true and speaks from such knowledge, if the facts represented do not exist, and the person states of his own knowledge that they do, and induces another to act upon his statement, the law imputes to him a fraudulent purpose." United States Gypsum Co. v. Shields, Tex.Civ.App., 106 S.W. 724, affirmed 101 Tex. 473, 108 S.W. 1165. Accordingly points 8 through 18 are overruled.

Appellant next asserts that the court committed reversible error in refusing to grant judgment for him N.O.V. because "the element of damages was not proven in such a manner as they could be determined by the jury." The measure of damages is provided in Art. 4004 itself, and is as follows:

"All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract."

In connection with the questions submitted on actual damages suffered by each appellee the court instructed the jury that by the term "actual damages" is meant the difference between the stock as represented and the actual value of the stock.

The testimony of R. C. Jinkins shown in this connection is as follows:

"Q. Well, then, I take it from your testimony that from the beginning he led you to believe that he would sell you the stock for one cent and you, in turn, would be able to sell it for ten cents?

"A. Well, yes, sir. He even said, 'Well, you could see where you couldn't lose anything because if it was selling for ten cents, if that was the market price, you could always sell it for a nickel, or three or four cents and make your money back.' "

Mrs. Smiths' testimony in that connection is as follows:

"Q. What was his representation as to the ten cents? You were buying it for what?

"A. I was buying it for a penny and he said, though after I bought it, it was naturally—that—that it was ten cents, you see.

"Q. It was just going to be ten cents as soon as you got it?

"A. Uh–huh. Said it was ten cents."

Mr. Bond testified as follows:

"Q. Did he also make the representation that you could buy that stock for a penny and sell it for a dime?

·"A. Yes, sir; orally and by contract."

█ The correct measure of damages under Art. 4004 has been set out by our Supreme Court in Sibley v. Southland Life Ins. Co., supra, and reaffirmed again by our Supreme Court in Reed et al. v. Hester et al., Tex.Com.App., 44 S.W.2d 1107. The averments of the petition, the testimony of the witnesses and the submission by the court follows the statutory measure. Appellant admitted the stock was offered for sale to several companies and there were not any fakers. Other testimony shows it was worthless. It is true the jury did not give the full amount of damages pleaded but we cannot say "the element of damages was not·proven in such a manner as they could be determined by the jury." We do not believe the appellant is in position to complain because the jury gave less damages than the submission and their testimony supported. The point is overruled.

█ The next point complains of the court permitting counsel for appellees to examine appellant's testimony while he was a witness by questioning him on testimony made in his deposition taken before the trial. The point is without merit. Rules 186, 186a Pocket Parts 1961, V.A.T.R.

█ In connection with the previous points appellant below asserts reversible error in the conduct of appellees' counsel, Mr. Linn, throughout the trial. There were many instances of uncalled for exchanges between Mr. Linn and Mr. White while the latter was a witness. Most of them were justified on the part of Mr. Linn because of completely unresponsive answers on the part of appellant and his accusations toward counsel. It was necessary for the trial court to repeatedly warn both of them about sidebar remarks but we find no conduct to warrant a reversible error on the point. All points discussed and all not specifically mentioned are overruled and the judgment of the trial court is in all things affirmed.