CITY OF CORPUS CHRISTI, Texas, Appellant.

v.

Mrs. Bonnie McCARVER, Appellee.

No. 12741.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 19, 1955.

Rehearing Denied Feb. 16, 1955.

I. M. Singer, Corpus Christi, for appellant.

North, Blackmon & White, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by the City of Corpus Christi, Texas, against Mrs. Bonnie McCarver and ten other persons, seeking to have the obstructions removed from its alleyway which runs in a northerly-southerly direction through the center of Block 83 of the Brooklyn Addition to the City of Corpus Christi. Bonnie McCarver answered setting up title to the alleyway which lay immediately back or west of Lot 5, Block 83, of the Brooklyn Addition, and seeking a summary judgment, which was by the court granted. An appeal was taken from this judgment and it was reversed by this Court. See City of Corpus Christi v. McCarver, 253 S.W.2d 456. This opinion is referred to for a more complete statement of the case. The second trial of the case was to a jury and the following single issue was submitted to them:

"Do you find from a preponderance of the evidence that those under whom Bonnie McCarver claims, held (whether in person or through tenant) exclusive, peaceable and adverse possession of the 20-foot alley abutting the rear of Lot 5, Block 83, of the Brooklyn Addition, using or enjoying the same for any period of ten consecutive years prior to 1939?" Answer: "Yes."

Judgment was entered in keeping with this verdict of the jury in favor of Mrs. McCarver for the 20-foot strip, and the City of Corpus Christi has appealed.

Appellant's first contention is to the effect that the court erred in rendering

judgment for Mrs. Bonnie McCarver for the title and possession of the 20-foot alley, because even though the jury found that the prior owners of Lot 5, Block 83, had acquired title by limitation to the 20-foot alley, the record affirmatively shows that Mrs. Bonnie McCarver has never acquired that title. Mrs. McCarver only has the deed to Lot 5, Block 83, according to the plat which shows plainly that the alleyway is not included as a part of Lot 5, Block 83. Mrs. McCarver did not acquire Lot 5, Block 83, until the year 1942. Since the amendment of Article 5517, Vernon's Ann.Civ.Stats., in 1939, it has not been possible for any one to acquire title to any part of a dedicated alley by limitation. There is nothing that Mrs. McCarver could have done since 1942, by way of adverse possession, which would have given her title to the alley. If she has title to the alley she must have purchased such title from those who did establish a title to it by adverse possession prior to 1939. When a tract of land is conveyed by reference to block and lot numbers of a recorded plat, the description is as definite as though the boundaries of the land had been given as shown upon the plat. American Law of Properties, Vol. 3, § 12.103, pp. 406–407. Thus the lot which Mrs. McCarver received by her deed was as definitely described as if it had been stated that it was bounded on the west, or back, side by a 20-foot alley, and thus it could not possiby be a deed to the 20-foot alley itself.

■ The doctrine of tacking together possession of different persons in order to make up the ten-year period for the running of the statute of limitation to acquire title to real estate (McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997) has no application here. Mrs. McCarver does not and cannot tack her possession on to that of former owners of Lot 5, Block 83, to complete the period of limitation. It must have been completed prior to 1939, and the only way she could acquire this matured limitation title would be by a conveyance which meets the requirements of the statutes. Arts. 1288 and 3995, Vernon's Ann. Civ.Stats. Title to real estate can only pass by deed, judgment, or other means recognized by law, abandonment of title is not recognized in this State.

■ Nothing passes by deed except that which is described in it, whatever the intention of the parties may have been. Browne v. Gorman, Tex.Civ.App., 208 S.W. 385; Lott v. Dashiell, Tex.Civ.App., 233 S.W. 1103.

"Subject to the jurisdiction of equity to reform a deed which by mistake insufficiently or erroneously describes the land and to explanation by parol of the words used, the description in the deed is determinative, for it is well settled that nothing passes by a deed except what is described in it, whatever the intention of the parties may have been." 16 Am.Jur. 599, § 285.

■ A deed should be so construed as to give effect to the parties' intention, as gathered from the four corners of the instrument, which alone should be considered if the language thereof is plain and unambiguous. Benge v. Scharbauer, Tex. Sup., 259 S.W.2d 166; Id., Tex.Civ.App., 254 S.W.2d 236. An unambiguous deed must be given the legal effect resulting from the construction of the language thereof found within the four corners of the instrument. Benge v. Scharbauer, supra.

■ In the absence of accident, mistake or fraud, the deed is conclusively presumed to use the language which, when unambiguous, truly evidences the intention of the grantor. Davis v. Bond, Tex.Civ. App., 141 S.W.2d 979, affirmed 138 Tex. 206, 158 S.W.2d 297.

In keeping with the above well-settled principles of law in this State, Mrs. Bonnie McCarver cannot contend that she received title to the alley which lay west and to the rear of Lot 5, Block 83, when the very description in the deed which she received, in effect, describes Lot 5, Block 83, as being bounded on the west by an alley which she now claims to own.

Under the evidence as it is now developed in this case, it appears that appellee failed to discharge the burden of proof resting upon her of showing title to the 20-foot alley, and therefore the trial judge should have rendered judgment in favor of the City of Corpus Christi. Accordingly, the judgment of the trial court will be reversed and judgment here rendered that the City of Corpus Christi have judgment requiring Mrs. Bonnie McCarver to clear all obstructions from the 20-foot alley which lies immediately back and to the west of Lot 5, Block 83, of the Brooklyn Addition to the City of Corpus Christi.