MRS. BONNIE MCCARVER v. CITY OF CORPUS CHRISTI, TEXAS

No. A-5193. Decided October 12, 1955.
Rehearing overruled December 14, 1955.
(284 S.W. 2d Series 142)

154

*North, Blackmon & White* and *Jack E. A. White,* all of Corpus Christi, for petitioners.

The Court of Civil Appeals erred in holding that petitioner, Mrs. McCarver, had the burden of proving that title to the property rested in her, in order to prevail in this case, and in reversing the judgment of the trial court because the proof conclusively showed that her predecessors in title had matured a limitation title to the property, and respondent City had used no means, either by suit, judgment or other recognized means of law to acquire a subsequent title to it. City of Houston v.

Cyrus W. Scott Mfg. Co. 45 S.W. 2d 270, error refused; City of Pearsall v. Crawford, 213 S.W. 327, no writ history; 2 Texas Jur. p. 20.

*I. M. Singer*, City Attorney, of Corpus Christi, for respondent.

MR. JUSTICE WILSON delivered the opinion of the Court.

The City brought this suit against Mrs. McCarver and a number of others for the purpose of removing obstructions from an alley and for damages. The suit as to Mrs. McCarver was severed. She plead a termination of the alley as to her by the ten year limitation statute. The trial court entered a summary judgment in favor of Mrs. McCarver, but upon appeal this was reversed and remanded (City of Corpus Christi v. McCarver, Texas Civ. App. 1952, no writ history, 253 S.W. 2d 456) with a holding that there existed a fact issue as to adverse possession. Upon a trial on the merits a jury made the following findings.

"Do you find from a preponderance of the evidence that those under whom Bonnie McCarver claims, held (whether in person or through tenant) exclusive, peaceable and adverse possession of the 20-foot alley abutting the rear of Lot 5, Block 83, of the Brooklyn Addition, using or enjoying the same for any period of ten consecutive years prior to 1939?"

Answer: "Yes."

Thereupon the trial court entered a judgment for Mrs. McCarver. This has been reversed and rendered in favor of the City by the Court of Civil Appeals. 275 S.W. 2d 195.

A subdivision plat was filed many years earlier calling for Mrs. McCarver's lot to front on a street with an alley at its rear. Apparently the alley was never used as such but was fenced in by some lot owners and the evidence establishes that for more than ten years prior to 1939 the particular section of the alley involved in this suit had a three-room rent house built in part on it which had been in constant use.

■ No attack is made on the original dedication of the alley. Therefore, the first question is whether or not a public alley once dedicated can be lost to public use through private encroachment and adverse user to the public purpose. We hold that prior to 1939 it could. City of Galveston v. Menard, 23

Texas 349; Young v. City of Lubbock, Texas Civ. App. 130 S.W. 2d 418, no writ history. In 1939, Art. 5517, V.A.C.S. was amended to include alleys in its prohibition against anyone acquiring rights in a road or street by adverse claim. The making of permanent and valuable improvements in the form of a rent house blocking the alley and the active renting of the house is some evidence of an adverse use and claim to that of its use by the public and by the City as an alley. We hold this raised a fact issue. Therefore the verdict establishes that the right to use the alley as such was lost to the City and public by continuous adverse use for a period of more than ten years before 1939.

■ The City asserts a rededication from the fact that several conveyances, including one in 1942, described the land by lot and block number and made reference to the original plat. This is not a suit between grantor and grantee to such a deed. These references may have raised an issue of fact on rededication, but where as here the suit is not between privies to the deed, a reference to a plat does not constitute a rededication unless it was so intended. City of Pearsall v. Crawford, Texas Civ. App. 1919, 213 S.W. 327, no writ history. City of Houston v. Cyrus W. Scott Mfg. Co., Texas Civ. App. El Paso, 1931, 45 S.W. 2d 270, error refused. Here the rededication was at best a question of fact. Since the City did not request the submission of a special issue on this it was waived.

■ In this suit to remove obstruction the City as plaintiff had the burden of establishing as a fact the legal existence of the alley at the time of filing suit. This it has failed to do and therefore must fail in its suit. This is not a title suit, so we do not pass upon the question of title and specifically hold that no question of title is adjudicated in this case.

The judgment of the Court of Civil Appeals is reversed. Since that court did not reach the City's point attacking the sufficiency of the evidence to sustain the jury finding, the case is remanded to the Court of Civil Appeals.

Opinion delivered October 12, 1955.

Rehearing overruled December 14, 1955.