Dwight G. HALE, Appellant,

v.

F. W. SCHRAUB, Appellee.

No. 11090.

Court of Civil Appeals of Texas.

Austin.

June 12, 1963.

Rehearing Denied July 3, 1963.

Elbert R. Jandt, Seguin, for appellant.

B. B. Schraub, Seguin, Schleyer, Bartram, Reagan & Burrus, New Braunfels, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment, based on a jury verdict, granting the appellee an injunction ordering the removal of a fence erected in a public road.

The appeal is founded on six points assigned as error and are that the Court erred in overruling appellant's exception to the petition because there was no allegation that the road had been legally established, and because appellee did not plead any special damages, and allowing appellee to introduce exhibits 1, 2, 3 and 4 without requiring appellee to lay the proper predicate, in instructing the jury that a first class road extended 20 feet on both sides of its center line, such being a comment on the weight of the evidence, and finally the issue submitted to the jury is not supported by the pleading and the evidence.

Appellee alleged that he was the owner of a tract of 113 acres, and that on November 14, 1879 by orders duly entered the Commissioner's Court established a first class road known as the Wilson County to Cibolo Creek Road, and also known as the San Antonio-Cuero Road; that on July 23, 1913 the course of the road was changed from a diagonal course to a straight line in some instances. Further allegation was that a second class road described as the Seguin-San Antonio-Cuero Road was established by order dated May 15, 1885; plaintiff further alleged that the roads have been open to access for over 50 years, and that he bought his farm after the roads had been in use for ingress and egress to and from the land for over 40 years, and he had used the roads as access to and from his farm for over 8 years before the defendant purchased his land, and that plaintiff's land is impaired by the erection of the fences.

The defendant answered by exception and general denial: that the roads were not established by a jury of view, with report and acceptance thereof so as to constitute a legally established road; that the plaintiff did not have a right to bring the suit, or show that he has suffered any damage not suffered by the public generally.

By further answer the defendant alleged that the roads have not been used as public roads for many years; that the County had not acquired title to the land over which the roads are supposed to have been established; that the roads have been abandoned and the property returned to the owners of the abutting property, and that plaintiff

now has a better road to his place than he formerly had before the fence was built.

Both parties filed motions for instructed verdict which were overruled.

The case was submitted to a jury on one special issue reading as follows:

"Do you find from a preponderance of the evidence that the new fence built by the defendant D. G. Hale, along the southeast line of the 300 acre tract, was built within the boundary lines of the road as the same was located on the ground in 1913?"

to which issue the jury answered yes.

Based on the jury's verdict the Court entered judgment, reading in part:

"* * * ; and the Court being of the opinion that judgment should be rendered, as follows, for the Plaintiff, it is therefore ORDERED, ADJUDGED AND DECREED BY THE COURT that the said Defendant, DWIGHT G. HALE, be perpetually enjoined to remove the fence built by him along the Southeast line of his 300 acre tract, being a part of the H & T C RR Section 31, in Guadalupe County, Texas, sometimes known and referred to as the C. F. Diechow and the Gus Vorpahl 300 acre tract; and that said Defendant, DWIGHT G. HALE, his agents, servants and employees, be, and they are hereby perpetually enjoined from, and that he, the said DWIGHT G. HALE, shall desist from obstructing said road located twenty (20) feet on each side of the Southeast line of said 300 acre tract of land, the maintenance of said roadway, and from in anyway damaging, destroying or injuring the roadbed thereof; and further that Plaintiff, F. W. SCHRAUB, do have and recover of and from DWIGHT G. HALE all costs in his behalf expended, for all of which let Writs of Injunction and Execution issue."

The issue was plead and the evidence justified the answer of the jury.

■ The defendant Hale, objected to the charge of the Court as follows:

"You are instructed as a part of the law in this case that when the width of a first class road is not stated in the order therefor, the proper construction of the order is that the road shall be not less than 40 feet wide and extends twenty (20) feet on each side of the line as given."

We believe that such was a proper instruction. The class of the road was not in controversy and the Court followed the law. Ballard et al. v. Bowie County, 59 Tex.Civ.App. 438, 126 S.W. 56.

There can be no question but that the establishment and location of the roads is supported by the records and by the testimony of the several witnesses who testified, and particularly by Louis Wahl, a State Registered Public Surveyor and the County Surveyor, who prepared a map of the area and depicted the roads based on County Records and the tracts of land abutting thereon.

Mr. Wahl testified that the original road, established in 1884 was through a 300 acre tract now owned by appellant, in a diagonal direction, and that in July 1913 the Commissioner's Court changed the original course of the road to follow property lines, so as to omit the diagonal directions of the older road.

The witness described the 1913 road and old fences and the width of such road and stated that the fence built by Mr. Hale was in the center of the old roadway.

F. W. Schraub, appellee, testified that he was familiar with the roads and had been for 50 years, and owned land in the area, and traveled the road involved to get to his property, and that other people used the road, and that Mr. Hale's fence was across the right of way, and prevented the use of the road.

Other witnesses testified as to the use of the road prior to the erection of the fence.

380

Mr. Hale, the appellant, testified that he owned the 300 acres of land mentioned as the Diechow tract, having purchased it in 1957, and that he had rebuilt or repaired the fence; that at the time he purchased the land no one was making use of the road. Mr. McBride, County Commissioner, testified that he was familiar with the road, and that it had been bladed a time or two, and that the fence is in the road. Henry Glenewinkel, County Judge of Guadalupe County, testified that he was familiar with the lands in the area and the road in question and was a surveyor and had located the lines of the old fencing, and that such lines ran 20 feet on either side of the present new fence, and that appellant did not have permission to build the new fence.

■ The record is extensive, the statement of facts contains over 300 pages and we have read and considered it and believe the verdict of the jury is supported by a preponderance of the testimony and that the Trial Court was correct in entering the judgment.

We believe that the location of the "old" road in 1885 and that the relocation of the road in 1913 were in substantial compliance with the Statutes. Sneed v. Falls County, Tex.Civ.App., 42 S.W. 121.

■ The orders of the Commissioner's Court establishing the roads cannot be collaterally attacked. 21 Texas Jurisprudence, Sec. 4, page 545.

■ The minutes of the Commissioner's Court were admissible as evidence.

Appellee filed in this cause a notice of the filing of papers to be used in evidence, and listed the several orders and actions by the Commissioner's Court in establishment of the "old" roads and that of the "new" relocated road.

The judgment of the Trial Court is affirmed.

Affirmed.