**Rev. Harrol L. WATERBURY, Appellant,**

v.

**The CITY OF KATY, Texas, Appellee.**

**No. 4905.**

Court of Civil Appeals of Texas,
Eastland.

Sept. 9, 1976.

Rehearing Denied Oct. 14, 1976.

Jeffrey R. Parsons and Martin D. Beirne (Fulbright & Jaworski), Houston, for appellant.

M. J. Dunlap, Jr., City Atty., Katy, Barnet B. Skelton (Price & Skelton), Houston, for appellee.

McCLOUD, Chief Justice.

This is an appeal from an order denying a temporary injunction. Plaintiff, Rev. Harrol L. Waterbury, sought a temporary injunction enjoining defendant, The City of Katy, from constructing or using a roadway across his property. At the time of the hearing, the road, which was designated Seventh Street, had been opened but not blacktopped. Prior to the construction, there was no road along the route designated as Seventh Street and no evidence that the route had ever been used by the public or any individual as an access way across the property. Plaintiff prayed that on final hearing the temporary injunction be made permanent. The trial court denied the temporary injunction and plaintiff has appealed.

The property in question was deeded to plaintiff in 1969 and described in the deed as follows:

". . . those certain lots, tracts or parcels of land lying and being situated in the Town of Katy, County of Harris, State of Texas, and being known and designated as Lots 1, 2, 3, 4, 13, 14, 15 and 16 out of Block 3 of North Thomas Addition to said Town of Katy, *according to the map or plat of said addition as the same appears of record in the office of the County Clerk of Harris County, Texas, the above described lots also being known and described as the North One/half (N/2) of Block 3 of the North Thomas Addition to said Town of Katy, Texas.*" (Emphasis added)

The plat of the "North Thomas Addition to Katy" was filed in 1910. It provides that the land described therein is subdivided in lots and blocks as shown on the plat and the streets and alleys designated on the plat are dedicated to the "use of the public forever".

The plat shows the street in controversy is located north of and adjacent to Block 3. Plaintiff introduced a copy of the minutes of the Commissioners Court of Harris County dated April 9, 1912, which contains an order canceling a portion of the "J. O. Thomas North Addition" plat. Block 3 is listed as one of the canceled blocks. The order further provides:

". . . and the dedication from J. O. Thomas to the public of the streets and roads in said property be, and the same is hereby, held for naught, cancelled and declared to be of no further force and effect, and all rights of Harris County in and to the same growing out of said dedication, or otherwise, are hereby released and relinquished unto the said J. O. Thomas, and said streets, alleys and roads are hereby discontinued as public roads of Harris County, Texas, and the said J. O. Thomas is permitted to assess said property and hold same as acreage."

Plaintiff contends there is no evidence that Seventh Street is a dedicated public road.

The court in *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952) announced the rules to be followed:

". . . The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion . . ."

The City argues that the 1969 deed to plaintiff, which describes the tracts by reference to the recorded plat, constitutes as to plaintiff, a rededication of the street as a matter of law. It contends this is the rule announced in *City of Corsicana v. Zorn*, 97 Tex. 317, 78 S.W. 924 (1904), and *Adams v. Rowles*, 149 Tex. 52, 228 S.W.2d 849 (1950).

Plaintiff asserts those cases are not controlling because in the instant case there is no privity between the parties, such as grantor and grantee, and the recitation in the deed referring to the plat, was for descriptive purposes only, and does not show an intent to rededicate the street.

The essential question is whether the 1969 deed, containing the reference to the plat, is some evidence of an intent to rededicate the street.

In *McCarver v. City of Corpus Christi*, 155 Tex. 153, 284 S.W.2d 142 (1955), it was urged that an alley had been rededicated. The court said:

"The City asserts a rededication from the fact that several conveyances, including one in 1942, described the land by lot and block number and made reference to the original plat. This is not a suit between grantor and grantee to such a deed. These references may have raised an issue of fact on rededication, but where as here the suit is not between privies to the deed, a reference to a plat does not constitute a rededication unless it was so intended. *City of Pearsall v. Crawford*, Tex.Civ.App.1919, 213 S.W. 327, no writ history, *City of Houston v. Cyrus W. Scott Mfg. Co.*, Tex.Civ.App., El Paso 1931, 45 S.W.2d 270, error refused. Here the rededication was at best a question of fact. Since the City did not request the submission of a special issue on this it was waived."

We think the reference in the deed to the original plat constitutes some evidence of rededication. Since there is some evidence to support the trial court's implied finding of rededication, we cannot say the court clearly abused its discretion in denying the temporary injunction. *International Ass'n of Machinists Lodge 1488 v. Downtown Employees Ass'n*, 204 S.W.2d 685 (Tex.Civ.App. —Galveston 1947, writ ref. n.r.e.); *Missouri Pacific Transp. Co. v. Union Bus Lines*, 210 S.W.2d 846 (Tex.Civ.App.—Eastland 1948, writ ref. n.r.e.).

We have considered all points of error, and all are overruled. The judgment of the trial court is affirmed.