**The CITY OF KATY, Texas, Appellant,**

v.

**Reverend Harrol L. WATERBURY, Appellee.**

**No. A1997.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 2, 1979.

---

Barnet B. Skelton, Price & Skelton, Houston, M. J. Dunlap, Jr., City Atty., David Frishman, Asst. City Atty., Katy, for appellant.

Martin B. Beirne, Jeffrey R. Parsons, Fulbright & Jaworski, Houston, for appellee.

Before MILLER, PAUL PRESSLER and SALAZAR, JJ.

SALAZAR, Justice.

Appellant-defendant, The City of Katy, Texas, has appealed from a jury trial granting appellee a permanent injunction and damages. Appellee-plaintiff, Rev. Harrol L. Waterbury, had sought a temporary restraining order, a temporary injunction and a permanent injunction to enjoin appellant, The City of Katy, from constructing or using a roadway across his property. The trial court denied the temporary injunction and on appeal, this decision was affirmed in *Waterbury v. City of Katy*, 541 S.W.2d 654 (Tex.Civ.App.—Eastland 1976, no writ). Appellant now appeals from an adverse jury trial on the merits of the permanent injunction.

Appellee was deeded the property at issue in 1969, namely the North One-Half of Block Three of the North Thomas Addition to the Town of Katy. The subject matter of this suit is the area along the northern part of appellee's property more commonly known as Seventh Street. By July, 1975, the City of Katy had completely opened up Seventh Street and kept it in use throughout the trial.

A previous property owner in appellee's chain of title had made a dedication of the streets to the use of the public forever of the subdivision which included Seventh Street in the plats of 1907 and 1910. At trial, appellee urged that this dedication of Seventh Street and other streets was revoked by said property owner and cancelled by an order of Commissioners Court of Harris County, Texas, entered on April 9, 1912. Appellant defended the suit for injunction contending that Seventh Street was an irrevocably dedicated street and therefore, the City of Katy had rightfully constructed a road thereon.

The jury in the charge of the court was instructed that the 1912 order of Commissioners Court cancelled the dedication of said streets including Seventh Street but that such order did not preclude a subsequent dedication of such streets. In its answers to six special issues, the jury found that the owners of the property in question did not intend to dedicate a portion of Seventh Street when the land was deeded into the Waterbury family in 1940 nor was there any subsequent intention to dedicate throughout the chain of title down to appellee himself. The jury awarded appellee $8,000.00 in exemplary damages and $2,390.00 in damages for the fair market lease value of the converted property. Appellant was then permanently enjoined from trespassing onto appellee's property in Block Three and from maintaining, using or sanctioning public use of a roadway or right-of-way on Seventh Street. The trial court further adjudged the 1912 Commissioners Court order to release and cancel the dedication of the streets granted in the plats by J. O. Thomas and held that the City of Katy failed to establish any subsequent rededication.

■ The facts of this case clearly show an irrevocable dedication of Seventh Street by the plats of 1907 and 1910. It is also clear from the transcript and exhibits that subsequent transfers in the chain of title down to appellee himself make reference to the plats. However, there is an intervening Commissioners Court order in 1912 which

granted J. O. Thomas, who had irrevocably dedicated Seventh Street and other streets, a cancellation of this dedication.

Tex.Rev.Civ.Stat.Ann. art. 6705 (1960) details the statutory authority of a commissioners court to discontinue a road and such controls in the present case. Art. 6705 requires all such applications to the commissioners court be signed by at least eight freeholders in the precinct in which such road is desired to be discontinued and that twenty days' notice be given by posting. The transcript contains a certified copy of a certified copy of the 1912 order. There is no copy of the petition itself to the Commissioners Court nor any other transcript of the 1912 proceedings in the record on appeal. The order recites that the petition of J. O. Thomas came on to be considered for the cancellation of the portion of the plat including Seventh Street and that the same was cancelled and that said streets were discontinued as public roads.

Appellant attacks the legality of this 1912 order. Appellant seeks to do now what it could have only done by direct attack on the order in 1912. *Haverbekken v. Hale*, 109 Tex. 106, 204 S.W. 1162 (1918), often cited by appellant, is an example of a direct attack on an order of a commissioners court. Such a direct attack permits a full inquiry to see if the commissioners court proceedings complied with the law. *Haverbekken v. Hale*, 204 S.W. at 1165. Appellant here is making a collateral attack upon the 1912 order more than fifty years after rendition and this may not be done. *Hale v. Schraub*, 369 S.W.2d 377, 380 (Tex.Civ. App.—Austin 1963, no writ); *Luck v. Welch*, 243 S.W.2d 589, 591 (Tex.Civ.App.— Fort Worth 1951, writ ref'd n. r. e.). We hold that the 1912 order is valid, cancelling the dedication of Seventh Street and thus we overrule points of error one, two, three, nineteen, twenty, twenty-one, twenty-two, twenty-three and twenty-four.

■ This cause of action instituted by appellee below, a suit for injunctive relief, is proper. This is not a title suit but one to enjoin appellant from constructing a roadway over appellee's property. However, without proof of ownership, appellee could not show a taking of property to compel the granting of an injunction. Appellee was required to prove that he owned or, at least, had a property interest in the land, regardless of whether or not it had been formally dedicated to public use. *City of Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712 (Tex.1956); *McCarver v. City of Corpus Christi*, 155 Tex. 153, 284 S.W.2d 142 (Tex. 1955); *McBride v. Aransas County*, 304 S.W.2d 450 (Tex.Civ.App.—Eastland 1957, writ ref'd n. r. e.). We overrule points of error four, five, seven, eight, thirty-one and thirty-two.

■ Appellant complains of the failure of appellee to file the required affidavit and give notice with respect to certified copies of the 1912 order and the deed from appellee's grantor to appellee pursuant to Tex. Rev.Civ.Stat.Ann. art. 3726 (Supp.1978–79). The certified copy of the certified copy of the 1912 Commissioners Court order had already been introduced into evidence in the temporary injunction hearing. The certified copy of the 1969 deed was a document which counsel for appellee had earlier introduced into the records of the court. We find points of error six and nine untenable and they are overruled.

■ Appellant contends that special issues numbers one, two and three were improperly submitted to the jury. These issues inquired of the intention to dedicate of the various grantors in appellee's chain of title from the 1940 deed into the Waterbury family down to appellee himself. The jury found that each grantor did not intend to dedicate Seventh Street or any other street by the mere repetitive reference to the plat in each successive deed. Upon reviewing the entire record, we find more than a scintilla of competent evidence to support the submission of special issues numbers one, two and three and furthermore, we find the evidence factually sufficient and not against the overwhelming weight and preponderance of the evidence as to demonstrate any prejudice and passion on the part of the jury. Points of error ten through eighteen are overruled.

Appellant complains that the trial court erred in granting appellee damages for trespass because a municipal corporation cannot be liable for damages for trespass. Appellant engaged in the construction and grading of Seventh Street, a proprietary function. *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753, 755 (Tex. 1960); *City of Houston v. Glover*, 355 S.W.2d 757, 759 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.). Appellant cannot therefore enjoy the same exemption from liability as if it had been engaged in a governmental function. *City of Houston v. Glover*, 355 S.W.2d at 759. A municipal corporation can be liable for damages to land for injury done measured by the fair market lease value of the converted property as was the case here. Points of error twenty-five and twenty-six are overruled.

Appellant next contends that the trial court committed error in awarding actual and punitive damages because appellant had no actual notice of the 1912 Commissioners Court order. The Commissioners Court had the authority to discontinue roads in any part of Harris County and there has been no showing that notice by posting in the vicinity of Seventh Street pursuant to Tex.Rev.Civ.Stat.Ann. art. 6705 (1960) was not in fact done. Furthermore, the Texas recording statutes, Tex.Rev.Civ. Stat.Ann. art. 6624 et seq. (1969), provide for recordation in the county, not city, records. The certified copy of the certified copy of the 1912 order shows that the 1912 order was recorded in the Harris County records in 1956. We hold that appellant had actual notice of the 1912 order. Points of error twenty-eight, twenty-nine and thirty are overruled.

Addressing point of error number twenty-seven, a municipal corporation such as appellant cannot generally be liable for exemplary damages where there does not appear to be such wilfulness, wantonness, malice or gross negligence committed by it. *Moody v. City of Galveston*, 524 S.W.2d 583, 590 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.); *Cole v. City of Houston*, 442 S.W.2d 445, 451 (Tex.Civ.App.

—Houston [14th Dist.] 1969, no writ). The facts have not raised this degree of negligence. The City of Katy is a municipality which except in the most vindictive of circumstances cannot be held liable for exemplary damages. It was error for the trial court to submit special issue number five. Accordingly we reform the trial court judgment to allow appellee recovery only in amount awarded by the jury for the fair market lease value of the land converted by appellant.

Reformed and affirmed.

PAUL PRESSLER, J., not participating.