**BOSSIER BANK AND TRUST COMPANY et al., Appellants,**

v.

**David N. PHELAN, Trustee For P. N. Phelan, Trust No. 1, et al., Appellees.**

No. 17836.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 12, 1981.

Rehearing Denied April 23, 1981.

William W. Byrd, Houston, for appellants.

Murr & Mills, Jack Mills, Houston, for appellees.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

This is an action to recover on a promissory note and to set aside a conveyance of real property. The appeal is from a take nothing judgment after a trial by the court. The trial court filed findings of fact and conclusions of law. The judgment will be affirmed.

On November 13, 1972, Bossier Bank and Trust Company (Bank) filed suit against Frank Phelan, as trustee for P. N. Phelan Trust No. 1, and John H. Phelan, III (John), individually. The Bank sought judgment

for the balance due on a promissory note executed in its favor by John. The Bank also sought the cancellation of a deed conveying certain real property to the Phelan trust asserting that it was executed with the intent to hinder, delay or defraud John's creditors. After this suit was filed John was adjudged bankrupt and, on motion of the plaintiff, John was dismissed from this suit with prejudice.

The suit was continued against the Phelan trust. David Phelan, a trustee, filed an answer on behalf of the trust. On February 12, 1980, Daniel E. O'Connell, trustee in the John Henry Phelan bankruptcy proceeding, intervened asserting an interest in the case in that on February 7, 1980, the United States Bankruptcy Court had reopened the bankruptcy proceeding. The intervenor adopted the allegations of the plaintiff's original petition which concerned and described the transfer executed on August 24, 1970, by John H. Phelan, III, asserting that the transfer was made with the intent to hinder, delay or defraud his creditors, contending that the conveyance should be set aside and the properties described in the conveyance should be considered a part of the bankrupt's estate to be administered by the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

In response to plaintiff's request the trial court found that John H. Phelan, III, was indebted to the P. N. Phelan Trust No. 1 in the amount of at least $22,435.66; that the property conveyed by John H. Phelan, III, consisting of various undivided interests was worth no more than John H. Phelan, III, received from the P. N. Phelan Trust No. 1. It concluded that the property conveyed by John H. Phelan, III, to the trust was conveyed for adequate consideration. The court also found that there was no fraud involved in the transfer of the property from Phelan to the trust and that the transfer of the property from Phelan to the trust was not made for the purpose of hindering or delaying the creditors of John H. Phelan, III. While these two findings were labeled "conclusions of law", they contained the court's conclusions on mixed questions

of law and fact and may be considered by this court. *Eubanks v. Puritan Chemical Company*, 353 S.W.2d 90 (Tex.Civ.App.— Houston 1962, writ ref'd n. r. e.).

John was an active investor and borrowed heavily from his mother. In September of 1969 the P. N. Phelan Trust No. 1 was created. Frank, David and John were cotrustees and their mother was the sole beneficiary. The trustees agreed that from that time forward John would have to put up assets as security for any loans from the trust. Prior to 1969 Mrs. Phelan had loaned her son John substantial sums of money and he had executed a note to her for approximately $873,658. This note was transferred to the trust. The assets of the trust also contained a promissory note executed by Frank in the amount of $225,000. An accountant testified that Frank served as a conduit for the transfer of funds from the trust to John. The books of the trust reflected that $182,900 of Frank's note was actually John's liability. On June 30, 1970, this note was credited with the sum of $147,650 by reason of property transfers.

On March 13, 1970, John executed a promissory note payable to the bank in the sum of $102,125 payable in ninety days and secured by 30,000 shares of Phelan Sulphur Company capital stock. As of the due date there remained approximately $88,239 plus interest due and owing on this note. On August 24, 1970, John quitclaimed certain undivided interests in tracts of land situated in Jefferson, Chambers, and Liberty Counties to Frank as trustee for the Phelan trust. It is undisputed that at that time he was insolvent and owed the trust approximately $935,800. There is evidence that the consideration for the transfer of this property to the trust was cash in the amount of $22,454. There is also testimony that the consideration for the property was a credit in that same sum on the $225,000 note.

█ The discharge of a bankrupt in a bankruptcy proceeding does not preclude either the trustee or a lien creditor from instituting or continuing a suit or proceeding to set aside a transfer or conveyance by

the bankrupt as one in fraud of his creditors. *Philco Finance Corporation v. Pearson,* 335 F.Supp. 33 (D.Miss.1971); Collier on Bankruptcy (14 Ed.) § 70.90, p. 1028–1035.

■ The evidence does not require a finding that the conveyances were void because they were for less than fair consideration and made at a time when John did not have sufficient property within the state subject to execution to cover all of his existing debts. Neither does the evidence require a finding that the transactions were voidable because John conveyed the property with intent to hinder his creditors and that Frank was aware of this fact. Nor was there sufficient evidence to require a finding that John retained dominion over the property after transfer.

The findings of fact made by the trial court are supported by probative evidence and are not so contrary to the great weight and preponderance of the evidence as to be clearly wrong. The burden rested on the appellant to establish by a preponderance of the evidence that the property conveyed by John B. Phelan, III, to the P. N. Phelan Trust No. 1 was either (1) conveyed for an inadequate consideration, or (2) was a fraudulent conveyance, or (3) was made for the purpose of hindering or delaying the creditors of John H. Phelan, III. *Hawes v. Central Texas Production Credit Association,* 503 S.W.2d 234 (Tex.1974); *Quinn v. Dupree,* 157 Tex. 441, 303 S.W.2d 769 (1957).

■ The appellants relied on the Texas Business and Commerce Code Annotated, Article 24.02, (Vernon 1968) (the fraudulent conveyance statute), which declares void a transfer of real or personal property if the transfer was intended to defraud, delay or hinder any creditor or other interested person from obtaining that to which he is, or may become entitled. This statute further provides that the title of a purchaser for value is not void unless he purchased with notice of the intent of his transferor to delay, hinder, or defraud. In addition the Supreme Court of this state has long recognized an exception to the fraudulent conveyance statute in the case of "prefer-

ences", conveyances of property by an insolvent debtor to one of his unsecured creditors in payment of a debt. Such a conveyance is valid notwithstanding the statute, if the value of the property does not exceed the amount of the debt and the grantee creditor receives the conveyance in good faith, meaning without a secret agreement to benefit the grantor in some way other than by discharge of his debt. Under these circumstances the conveyance is valid even though the grantor actually intended to prefer one of his creditors over other creditors and the grantee had notice of his intent. *Hawes v. Central Texas Production Credit Association,* supra.

■ The trial court found that the property conveyed to the trust was worth no more than John received from the trust. The evidence will support a finding in support of the trial court's judgment that the trust received the conveyance in good faith. There is testimony that the trust was established long before the date of the promissory note to the bank. At the time of the establishment of the trust, the trustees agreed that John would be unable to secure money from the trust without assigning to it assets of approximately equal value. The trust instrument provides that a trustee can purchase assets from the trust only if the two remaining trustees expressly consent in writing to such purchase. There was no reservation by the grantor, John H. Phelan, III, of dominion over the subject matter that is inconsistent with an effective disposition of title. There is no evidence of an agreement between John and the trustees reserving to John dominion over the land conveyed to the trust.

Whether a conveyance was made with intent to defraud creditors is ordinarily a question for the jury or the court passing on the fact. The burden of proving fraudulent intent was on the Bank and the trustee in bankruptcy. The failure of the trial court to find fraud was not so against the great weight and preponderance of the evidence as to be clearly wrong; neither is the finding that the transfer was not made for the purpose of hindering John's creditors.

The judgment is affirmed.