**William M. THURSLAND, Appellant,**

**v.**

**Clay HOSTER, Appellee.**

**No. 01–86–0223–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 1986.

Ben H. Schleider, Jr., Robert H. Holt, Schleider & Francis, Houston, for appellant.

Steven D. Goldston, Law, Snakard & Gambill, Fort Worth, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

Appellee, Clay Hoster, brought suit against appellant, William M. Thursland, and others, in trespass to try title. Summary judgment was granted in favor of appellee. We reverse and remand.

This title dispute involves a townhouse residence in Harris County. Both parties claim title through a common source, William E. Satterwhite, Inc. (Satterwhite, Inc.). Appellee claims title from the Internal Revenue Service (IRS) by the following chain of title: Satterwhite, Inc. to the IRS by seizure, and IRS to appellee by quitclaim deed, after sale at auction. Appellant asserts title to the property through the following chain of title: Satterwhite, Inc. to Rocky Bays by general warranty deed and Rocky Bays to William Thursland, appellant, by general warranty deed.

The summary judgment proof before the trial court consisted of various certified or sworn copies of deeds and documents relating to the chain of title to the subject property, and the depositions of William Satterwhite, Rocky Bays, and William Thursland.

The deeds and notices of tax liens show that the subject property was conveyed by Satterwhite, Inc. to Rocky Bays on November 2, 1979, by general warranty deed. The IRS, subsequent to the conveyance to Bays, filed tax liens against the property of Satterwhite, Inc. Bays conveyed the subject property to appellant, Thursland, by general warranty deed dated December 31, 1982, filed of record January 7, 1983. Appellant, an associate of the law firm, Satterwhite, Inc., also executed a deed of trust dated January 7, 1983, securing a bail bond, naming the Sheriff of Harris County as the beneficiary. The IRS, after notice to Satterwhite, Inc., seized and sold its interest in the property in question to appellee at public auction on May 12, 1983, for $55,000. The IRS conveyed the subject property to appellee by quitclaim deed dated November 17, 1983.

After a hearing on appellee's motion for summary judgment, the trial court entered judgment, awarding title and possession of the disputed property to appellee.

■ Both parties claim title through a common source, William E. Satterwhite, Inc. To make a prima facie showing of a superior title from a common source, a plaintiff is required to: 1) connect his title by a complete chain of title to the common source, 2) connect the defendant's title by complete chain of title to the same source and, 3) prove that his title from the common source is superior to that of the defendant. *Jones v. Mid-State Homes, Inc.*, 163 Tex. 229, 356 S.W.2d 923 (1962).

This Court is required to review the summary judgment record before us according to the rules set forth in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985). They are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Id.* at 548–549.

Appellant contends in his first three points of error that appellee's claim of superior title was controverted by appellant's showing of title out of the common source, and that appellee failed to prove, as a matter of law, a superior title out of a common source.

Appellant contends that he made a prima facie showing of ownership by general warranty deed out of the common source into himself, that title was not in Satterwhite, Inc. when the alleged tax liens were purportedly attached, and that the IRS, therefore, acquired no lien or right in the property. Appellant asserts that since no right or title existed in the IRS, appellee could not have acquired title to the property by quitclaim deed from that entity. Appellant also contends that appellee had constructive notice of the conveyances to Bays and Thursland by deeds that were of public record, and actual notice through conversations with Satterwhite. Appellant argues that the summary judgment evidence to support appellee's claim of title through an

equitable or beneficial interest remaining in Satterwhite, Inc., at best, presented fact issues precluding a summary judgment.

Appellee contends that summary judgment in his favor was proper because he held superior title to that of appellant, as a matter of law. Appellee argues that the conveyances to Bays and Thursland conveyed only naked legal title, and that Satterwhite, Inc. retained beneficial ownership of the property. Appellee asserts that at the time of the IRS auction, Satterwhite, Inc. held equitable title superior to appellant and that the IRS rightfully seized and sold that interest to appellee. Appellee's position is that he acquired the same superior equitable title that existed in Satterwhite, Inc. at the time of the IRS sale.

■ Appellant's ability to connect his title to the common source hinges on his argument that the conveyances to Rocky Bays from Satterwhite Inc. and from Rocky Bays to appellant were not, in fact, effective conveyances.

The question we must resolve is whether appellee, proved, as a matter of law, that the conveyances by Satterwhite, Inc. to Bays, and Bays to appellant, failed to transfer Satterwhite Inc.'s interest in the subject property. Appellee states in his brief that there is no summary judgment proof controverting the fact that appellant held only naked legal title to the property for the benefit of Satterwhite. We disagree.

The general warranty deeds themselves are evidence that the transfers which they purport to make were accomplished. Unless a deed is ambiguous, the rights of the parties must be determined from the four corners of the instrument and the rights of the parties are governed by the language used. *Peveto v. Starkey*, 645 S.W.2d 770 (Tex.1982). The general warranty deeds in the instant case were regular on their face and comported with the statutory requirements to convey title to the named grantees. *See* Tex.Prop.Code Ann. sec. 5.021 (Vernon 1984).

■ The tacit assertion underlying appellee's argument is that Satterwhite, Inc. retained equitable title in the property and that the transfers to Bays and Thursland were sham conveyances made for the sole purpose of defrauding the IRS. Appellee contends that because Satterwhite, Inc. did not intend to convey his entire interest in the property to Bays and Thursland, the deeds were ineffective to convey the same. A deed, however, is conclusively presumed to have used language that evidenced the intention of the grantor, absent a showing of fraud, accident or mistake. *Corpus Christi v. McCarver*, 275 S.W.2d 194 (Tex. Civ.App.—San Antonio 1955), *rev'd on other grounds*, 155 Tex. 153, 284 S.W.2d 142 (1955). The deeds in the instant case evidence Satterwhite, Inc.'s intention to convey the property, without any reservation of interest, to Bays and, likewise, Bays' intention to convey to Thursland. Whether Satterwhite, Inc.'s unexpressed, but true, intention was to defeat the rights of the IRS is a question of fact yet to be resolved by a jury or by the court as a fact finder. *See Bossier Bank and Trust Co. v. Phelan*, 615 S.W.2d 872, 874 (Tex.Civ.App.— Houston [1st Dist.] 1981, no writ).

Rocky Bays' testimony was that Satterwhite, Inc. conveyed the subject property to him as security for a previous loan of $7,000 to Satterwhite from Bays. A copy of Bays' check to Satterwhite in the amount of $7,000 was included as an exhibit in the Bays deposition. The testimony of Bays raised a disputed fact issue regarding Satterwhite, Inc.'s intent in conveying the property to him. Since we must resolve any disputed fact in favor of the appellant, the testimony of Bays and Thursland must be taken as true.

Similarly, while appellant's deposition testimony suggested that Satterwhite had a beneficial interest in the property and that appellant had never lived at the residence, it also indicated that he and Satterwhite had agreed that the property would be conveyed to him to use as collateral in writing bail bonds. Appellant was asked in deposition:

Q: Was it your idea to hold the townhouse in your name to write bail bonds, or was that Bill's idea?

He replied:

A: The only idea that I had was I agreed with Bill Satterwhite that it would be a good idea for both of us if we were in a position to write bail bonds; and once we reached that agreement, then Bill Satterwhite told me that this piece of property would be what was conveyed to me. You know, I agreed with him at that point. But the only discussion that I recall that we had was simply that property would be conveyed to me for the purpose of deeding it in trust to Jack Heard....

Appellee's argument that the deposition testimony of Satterwhite, Bays, and appellant, Thursland, established, as a matter of law, that Satterwhite, Inc. could not have effectively conveyed title to the subject property is incorrect. We do not know the extent of Thursland's or Satterwhite, Inc.'s interest in the townhouse. The undisputed evidence shows that Satterwhite directed Bays to convey the property to Thursland and that Thursland accepted the conveyance with the understanding that it would be used as collateral for bail bonds. There was no testimony negating the possibility that as part of the agreement Thursland was to receive a part of, or all of the townhouse.

When testifying by deposition, Thursland was asked whether it was his understanding that he (Thursland) owned no beneficial interest in the property and that he could not sell or encumber the property, except to the Sheriff of Harris County, without Mr. Satterwhite's approval. Thursland answered, "No, that is not my understanding."

Appellee asked no further questions about the agreement between Thursland and Satterwhite pertaining to the rights, the authority or the extent of the beneficial interests of either of the venturers. The deposition testimony of Satterwhite, Bays and appellant, Thursland, would have had to establish conclusively the invalidity of the deeds from Satterwhite, Inc. to Bays, and Bays to appellant. We hold that the testimony did not so establish. Rather, the summary judgment evidence raises material fact issues as to the nature of Satterwhite, Inc.'s interest in the property and, accordingly, the interest acquired by appellee through his quitclaim deed.

We hold that the deposition testimony of Satterwhite, Bays and Thursland did not, as a matter of law, defeat the declared intent of those parties to convey title to the subject property, as expressed by the deeds in evidence. We further hold that any determination of whether Satterwhite, Inc. retained any beneficial interest in the property at the time of the IRS sale, and, consequently, whether appellee acquired any interest as purchaser at the sale, involves fact questions that must be resolved by the trier of fact.

Appellant's points of error one, two and three are sustained. Because of our disposition of these points of error, we need not address appellant's remaining points of error.

The judgment of the trial court is reversed, and the case is remanded for trial.